## YOEMANS vs. YOEMANS.

1. Affidavits copied at length in the bill of exceptions, as a part of the evidence heard by the judge in a proceeding at chambers, are authenticated by a general certificate to the bill of exceptions, and need not otherwise be identified. Motion to dismiss the writ of error for lack of more specific identification refused.
2. Until there is " a proceeding by bill or petition on the equity side of this court," the judge at chambers has no jurisdiction of the matter of granting alimony under section 1747 of the Code. And there is no such proceeding until the bill or petition is filed in the clerk's office. The statute contemplates a suit, with *subpœna* or process duly issued.

January 25, 1887.

Practice in Supreme Court. Jurisdiction. Alimony. Before Judge SIMMONS. Bibb County. At Chambers, December 4, 1886.

Reported in the decision.

ROBERT HODGES, for plaintiff in error.

E. G. SIMMONS; M. G. BAYNE, by J. T. NISBET, for defendant.

BLECKLEY, Chief Justice.

1. The motion to dismiss the writ of error is denied, for the reason indicated in the first head-note.

2. The wife petitioned for alimony, addressing her petition to the judge exercising jurisdiction in chancery. It was not stated expressly whether the alimony wanted was temporary or permanent, or both. No *subpœna* was prayed for, and none was annexed to the petition, and there is no entry of service, or even of the filing of the petition in the clerk's office. The judge passed an order at chambers, requiring the husband to show cause, at a specified time, why an order should not be granted as prayed for; and the order prayed for was " to pay your petitioner $25.00 per month for the support of herself and child and an order for the expense of this litigation and counsel fees, as allowed by statute."

The husband answered, and the judge at chambers ordered that he pay to his wife eighteen dollars down and eighteen dollars on the fourth of each month thereafter until further order of the court, for her support and maintenance.

To this order the husband excepted on the ground, amongst others, that the judge had no authority to pass it.

We think he had no jurisdiction of the subject-matter at chambers, because there was no pending suit of any kind for alimony. If there had been, then on three days' notice, he might have heard it, whether commenced by bill or petition, and granted temporary alimony in terms of the order which he passed. Code, §1747. This section of the Code certainly contemplates that after the judge has acted, the main case may proceed to a hearing before a jury, but how can this take place when there is no case in court? For there to be " a proceeding by bill or petition on the equity side of the court," there must be prayer for process or *subpœna*, filing of the bill or petition, and process or *subpœna* issued or else waived. This puts the " proceeding " " in court," and then the judge can deal with it, but not before, or at the utmost, not before the filing. It looks too military for a judge to sit in his chambers and there call before him the heads of families and

order them peremptorily to do thus and so in the way of furnishing support to their wives and children, though living apart from them, until a suit of some sort has been instituted in some court, either of law or equity. We think the statute does not contemplate anything so anomalous in a time of peace, and we cannot construe it as a war measure.

There is no intimation of this objection in the husband's answer, and we doubt whether it was distinctly presented to the judge below, although it is substantially developed in the bill of exceptions. But as jurisdiction over the subject-matter is essential to the validity of an order made at chambers, and as to enforce the order may require the use of means that could not be employed without very grave consequences where jurisdiction is wanting, we feel constrained to sustain the exception.

See the case of *Dupont vs. Mayo*, 56 *Ga.* 304, which is cited, not as directly in point, but for its analogy.

Judgment reversed.