## STALLINGS *v.* STALLINGS.

1. An application for temporary alimony must be based on a pending suit for divorce or for permanent alimony.

2. Where in an action to obtain the granting of a total divorce, the awarding of temporary and permanent alimony, and the subjection of property to the payment thereof, it was alleged, that the parties had established a family home in a certain county of this State, and that the legal residence and family domicile of both had since been there maintained, service of the suit should have been perfected on the defendant personally, or by leaving a copy at his most notorious place of abode.

3. Although the defendant may have had business interests outside of the State, which required much of his time; and although, when the suit was brought, he may have been absent from the State for an indefinite length of time, this did not authorize service of the original petition and process upon him as a non-resident, if he had a legal residence in Georgia at which service could have been perfected on him.

4. Service of process in commencing a suit (not to enjoin a pending action) can not be perfected by service by the sheriff on one described as the attorney of the defendant, in lieu of serving the defendant himself, it appearing that he has a legal residence in this State where service can be perfected on him; nor in such a case can the presiding judge, by order, authorize service to be made by serving such attorney and by sending a copy by registered mail to the defendant, although he may be absent from the State on business for an indefinite time.

5. The question in which one of two counties the defendant had his legal domicile being in controversy, this was a mixed question of law and fact to be determined under the evidence.

6. The rule that appearance and pleading waives irregularities in the process or its absence, and the service thereof, and the other rule which declares that if a defendant appear and plead to the merits, without pleading to the jurisdiction and without excepting thereto, he admits the jurisdiction of the court, have no application so as to effect a waiver where the defendant excepted to the service, moved to dismiss the case for want of service, and pleaded to the jurisdiction at the time of filing his defense.

 

7. It appearing, from the pleadings and evidence, that service of the peti-
tion and process was not lawfully perfected on the defendant, it was er-
ror, over his objection duly made, to proceed to hear an application for
temporary alimony and the appointment of a receiver for his property,
and to make the appointment and direct that a certain amount be paid
by the receiver to the plaintiff monthly, and a specified amount to her
attorneys for filing the application for temporary alimony and prosecut-
ing it, and to authorize the receivership to be dissolved on the giving of
bond by the defendant for the payment of the temporary alimony and
fees.

8. Service of an application for temporary alimony pending a suit for
divorce and permanent alimony must be personal.

9. If it is impossible to serve the defendant personally because of his in-
definite absence from the State, and there is property of his in the State
which is in imminent danger of being lost, destroyed, depreciated by
waste, or removed, so as to defeat the right to alimony, it would seem
that the presiding judge may, on a proper showing and under proper
pleadings, appoint a receiver to preserve the property, but can not fix
temporary alimony and order it paid by the receiver.

Argued December 2, 1906.—Decided February 18, 1907.

Alimony, etc. Before Judge Pendleton. Fulton superior court.
June 30, 1906.

Mrs. Belle White Stallings filed her equitable petition against
her husband, George T. Stallings, in the superior court of Fulton
county. She alleged, in brief, as follows: As a result of infatua-
tion for another woman her husband has been guilty of infidelity
toward her, and has abandoned her and her two children, and re-
fuses to support them. She and her husband established the family
home in the city of Atlanta, Georgia, some three years before the
bringing of the suit, and since that time the legal residence and
marital domicile of both petitioner and defendant has been main-
tained in good faith in that city. He has business interests in other
States which require much of his time without the State of Geor-
gia. He is now without the State, "where he will remain for an
indefinite period of time, so that it will not be possible to obtain
personal service on him unless and until he should voluntarily
return to this State." He is a large stockholder in a baseball and
amusement company in Buffalo, N. Y., and in a baseball company
in Providence, R. I.; and she is informed that he receives a salary
of $4,000 as manager of the former company, and that he has an
income of from $3,000 to $5,000 annually in addition thereto. He
also owns a farm in Jones county, Georgia, and has certain deposits

30

of money in banks in this State. She apprehends that he will withdraw these deposits, and will transfer and convey his land and property in Jones county. She prayed, that she be granted a total divorce, permanent alimony, temporary alimony, and the custody of the children; and also that a receiver be appointed to take charge of the property of the defendant in this State; that he be directed to pay to her out of the proceeds of the property such temporary alimony, expenses, and counsel fees as the court may allow; that the defendant be enjoined from encumbering or disposing of his property in this State, and for general relief and process.

On the presentation of the petition, the judge of the superior court appointed a temporary receiver, and granted a restraining order against the defendant and against the banks in which the deposits were made. He also ordered, that the defendant should show cause why injunction and temporary alimony should not be granted, and that the defendant be served with a copy of the petition and amendment which had been made thereto, and of this order, by serving a copy upon J. J. Hastings, Esq., his attorney, and also by sending a copy by registered mail, postage prepaid, to the last known address of the defendant. At the hearing counsel for plaintiff stated that he had served a copy of the petition on Mr. Hastings, attorney for the defendant, and had sent a copy to the defendant at Buffalo, N. Y., by registered mail, and had received a receipt for the registered package. The sheriff also returned that he had served Mr. Hastings personally with a copy of the petition, process, and order, and that the defendant had not been found in Fulton county. The defendant moved to dismiss the case, because no proper and legal service had been made upon him, either personally or by leaving a copy at his most notorious place of abode, and he had not waived service personally or by attorney. He demurred to the petition, filed a plea to the jurisdiction on the ground that he was a resident of Jones county and not of Fulton county, and also made answer.

The court, after hearing certain evidence introduced by the plaintiff, and argument, ordered, that the injunction and receivership be continued pendente lite, or until further order of the court; that the receiver, out of the estate of the defendant in his hands, pay to the plaintiff $150 per month, pending the litigation, or until further order, and to her attorneys $250 as attorney's fees for fil-

ing the petition "and prosecuting this hearing for temporary alimony"; that, it appearing that the receiver had not sufficient money in hand to meet the requirements of this order, the court would entertain an application for leave to sell or hypothecate certain rent notes in his hands; and that the receiver might be discharged and the receivership terminated upon the filing by the defendant of a bond in the sum of $5,000, with good security, conditioned "upon his paying the temporary alimony to the plaintiff as herein above ordered," counsel fees and costs, and expenses of the receivership. Defendant excepted.

Smith, Berner, Smith & Hastings, for plaintiff in error.

Ellis, Wimbish & Ellis, contra.

LUMPKIN, J. (After stating the forgoing facts.)

Service before judgment is the general rule of procedure. Cases where seizure is had before service (such, for example, as the appointment of a temporary receiver ex parte, when necessary, or proceedings in rem) need not be considered. Here the proceeding did not purport to be one without service, but one in which service was sought to be perfected and a hearing had. The only service of either the suit or the application for temporary alimony was under order of the court, by serving Mr. Hastings as the attorney of the defendant, and sending a copy of the proceedings by registered mail to the defendant.

In order for a judge at chambers to have jurisdiction to hear an application for temporary alimony there must be pending a proceeding by bill or petition for permanent alimony, or for divorce. Civil Code, §§2457, 2467; Yoemans v. Yoemans, 77 Ga. 124. In this State the filing of the petition in the clerk's office will be considered as the commencement of the suit, if service is perfected as required by law. But if no service is made, the mere filing of a petition will not suffice to authorize the action to be treated as commenced and perpetually pending. Filing followed by service creates a pending suit from the date of filing. But if there is no service, the process loses its vitality and the effect mentioned does not result. Branch v. Mechanics Bank, 50 Ga. 416; Ferguson v. New Manchester Mfg. Co., 51 Ga. 609; Cherry v. North & South Railroad, 65 Ga. 633; McClendon v. Hernando Phosphate Co., 100 Ga. 219; Florida Central R. Co. v. Ragan, 104 Ga. 356; Nicholas v. British America Assurance Co., 109 Ga. 621; Cox v. Strickland, 120

*Ga.* 104. The plaintiff's·allegation was that the defendant had a legal residence and matrimonial domicile in a named county of this State. The defendant contended that it was in another county. In either event, he could be served with original process necessary to the suit as a resident, and was not a non-resident. Service could not, therefore, be perfected on him as a non-resident. This could not be done by an order for publication, or for service on his attorney, or by mailing a copy to him. The original suit could have been, but had not been, served as by law provided. The dependent proceeding for temporary alimony had not been served except as indicated, and was not in a condition to be heard. If service on a non-resident were being made by publication, whether the hearing of the application. for temporary alimony should await the perfection of service by publication is not before us. The question made is not on the including in the petition of prayers for temporary and permanent alimony, and for the appointment of a receiver, but the acting on the prayers for interlocutory judgments or decrees without any legal service or notice.

If a proceeding for permanent alimony is to be treated as a regular suit or case at law or in equity, as indicated in *Yoemans* v. *Yoemans,* 77 *Ga.* 124, it would seem that service could be perfected as in other cases at law or in equity. And certainly an action for divorce can be served as in equity causes. Civil Code, §2432. In *Fleming* v. *West,* 98 *Ga.* 778, it is declared that service on a non-resident by publication will authorize a decree of divorce, but not one for alimony. But it is said in the opinion by Simmons, C. J., that it is competent for the legislature to authorize the courts to render a judgment for alimony upon constructive notice, as against citizens of the State. In *Baldwin* v. *Baldwin,* 116 *Ga.* 471, it is held that the provision in the Civil Code, §2467, for three days notice to the defendant, in a proceeding for alimony instituted under that section, contemplates personal service of a written notice. The legislature might have provided otherwise, but this decision holds that they did not do so. It may be unfortunate that the case of a man who absents himself from the State for a considerable time, though retaining his legal residence here, was not provided for, but that is matter for the legislature, not for the courts to remedy. From what has been

said, it will be seen that the court erred in passing the interlocutory decree to which exception is taken.

As to whether Fulton or Jones county is the proper jurisdiction of a suit against the defendant, the question is one of law and fact, to be determined under the evidence. If there is doubt on the subject, the presiding judge is not required to determine it finally. Indeed the ultimate determination of a plea to the jurisdiction is for the jury. If it appears clearly to the judge that the suit is brought in the wrong county, he should refuse to grant interlocutory relief, for that reason.

It is contended that the judgment is one in rem and not in personam, and that it merely requires the receiver to pay to the wife a fixed amount monthly from the property of the husband. But how is the amount to be fixed? The prayer is for alimony. The order of the judge several times refers to the amount to be paid as temporary alimony, and in authorizing a dissolution of the receivership he required a bond conditioned to pay "the temporary alimony to the plaintiff as hereinbefore ordered." If the amount to be paid is not alimony, what is it? While there was no direct judgment for temporary alimony against the defendant personally, yet, under the prayer for temporary alimony, the amount was fixed, together with counsel fees, and the receiver appointed was directed to pay such amounts from the defendant's property in his hands. If the plaintiff had a debt which she could enforce by a proceeding in rem, such proceeding would be commenced by a seizure of the property, upon due application. Alimony and counsel fees are to a considerable extent matters of discretion, both as to the grant and the amount, under the circumstances of the case. A judgment for alimony is a personal judgment. *Fleming* v. *West,* 98 *Ga.* 778, supra; 1 Enc. Pl. & Pr. 403, and note 2; Bunnell *v.* Bunnell, 15 Fed. 214. What is sometimes called "suit money" for the wife (Bish. Mar. & Div. §976; 1 Encyc. Pl. & Pr. 451), so far as divorce and alimony cases are concerned, is now treated in Georgia as part of the alimony allowed, rather than as a separate matter. Civil Code, §2457; *Stokes* v. *Stokes,* ante, 160; *Glenn* v. *Hill,* 50 *Ga.* 94. What is really asked here is for the court to take possession of the defendant's property, adjudge that temporary alimony and counsel fees shall be allowed, and order the amount which may be deter-

mined in the discretion of the court to be paid by the receiver. This could hardly be called a proceeding in rem. The plaintiff's counsel appeared to think it was not wholly so, as they took an order for service in a certain manner.

It is urged that a court of equity may appoint a receiver without service or notice, in a proper case. This may be true, but not ordinarily so, under the practice in this State. The usual mode of procedure is, as on an application for injunction (Civil Code, §4924), to set a time for a hearing of the application for the receiver, after service. In the meantime, if the necessities of the case are shown to require it, a temporary receiver may be appointed. But even then caution should be used, to see that the case is a proper one for the exercise of the power. If a receiver to continue till the final trial, and not merely temporarily until the application can be heard, will be appointed in the State at all without service or notice, it will only be under extraordinary circumstances. On the general subject, see Civil Code, §4903; *Jones* v. *Dougherty,* 10 *Ga.* 273; *Williams* v. *Jenkins,* 11 *Ga.* 595; *Rogers* v. *Dougherty,* 20 *Ga.* 271; High, Rec. (3d ed.) §111 et seq.·

If the defendant remains beyond the jurisdiction, so that the application for temporary alimony can not be served on him personally, and his property in the State is in imminent danger of being lost, destroyed, depreciated by waste, or removed, so that if a judgment for permanent alimony is obtained, there will be nothing out of which it can be made, the court probably may appoint a receiver upon proper pleadings and a proper showing, to preserve and hold the property until a judgment can be obtained. *Price* v. *Price,* 90 *Ga.* 244. We do not decide this point, as it is not distinctly made. But we do not know of any authority by which a judge can fix alimony and order it to be paid, until a lawful judgment therefor has been obtained, or render a judgment for temporary alimony without service or notice. The case of *McCowan* v. *Brooks,* 113 *Ga.* 385, 391, rested on a rule of this court. In the meantime, however, the wife is not wholly helpless and subject to suffer, as urged. She is still a wife, and as such, unless prevented by her own misconduct, may purchase necessaries for her support, and the husband will be liable therefor. Civil Code, §§2477, 2478.

The appearance in this case did not waive service or jurisdiction.

If so, a defendant could never raise these questions, for if he appeared to do so, he would waive his objection by making it. Appearance and pleading to the merits will waive service, if no objection is made to the want of service. But it does not have that effect where before or at the same time want of service is pleaded. Under our system of practice, both pleas may be filed together without destroying each other. *Western & Atlantic R. Co. v. Pitts,* 79 *Ga.* 532.

In argument the propriety of the selection of the person appointed as receiver was criticised, but no such point is made in the bill of exceptions.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*