## STALVEY v. STALVEY.

Where there is no pending suit for divorce, until there is a proceeding for permanent alimony the judge at chambers has no jurisdiction of the matter of granting alimony under section 2467 of the Civil Code.

Where a petition was filed seeking temporary alimony, the filing of a subsequent independent suit for permanent alimony would not save the former petition.

Argued December 8, 1908.—Decided March 10, 1909.

Alimony.  Before Judge Ellis.  Fulton superior court.  October 26, 1908.

Elizabeth Stalvey filed a petition against G. M. Stalvey and the Fourth National Bank, alleging, in brief, as follows: She was married to Stalvey in 1903, and two children were born to them. She has been informed and believes that Stalvey recently married another woman in South Carolina, and is now living with her. He has deserted the petitioner, and has contributed nothing, for some time past, toward the support of herself and her two children, and he and she are now living separate and apart. He has on deposit with the Fourth National Bank the sum of about $700. He has threatened to withdraw this money from the bank. It belongs in part to her, she having helped to earn it and save it. "Petitioner claims the whole of said sum as temporary alimony." Stalvey is guilty of a crime involving moral turpitude. She has no recourse at law, and will lose the money unless her prayers are granted. She prayed that Stalvey be restrained from drawing the money from the bank; that the bank be served with a copy of the petition and order granted thereon, and that it be restrained from paying the money to Stalvey; that pending the final hearing on the above petition the defendants be restrained from withdrawing and paying out the money or in any way changing its status; that Stalvey be required to answer, "on such day as may be named by the court, why said sum of money should not be paid over to petitioner;" and that process issue requiring the defendants to be and appear at the next term of the court.  By amendment it was alleged that Stalvey was insolvent and was without the State of Georgia, and that unless injunction should be granted the fund would be withdrawn beyond the reach of the process of the court. She prayed that the amount on deposit in the bank in the name of Stalvey should "be awarded her by the court as temporary alimony for the

support of herself and children, and that a decree issue requiring the defendant the Fourth National Bank to pay over to the plaintiff the said money, or so much thereof as the court may deem proper, for temporary alimony, and requiring the defendant Stalvey to pay over to the plaintiff said sum of money, or so much thereof as the court may deem proper, as temporary alimony." The presiding judge granted an order requiring the defendants to show cause before him, on a day named, why the prayers of the petition should not be granted, and in the meantime restrained Stalvey from withdrawing from the bank the fund on deposit there, the bank from paying such sum to Stalvey, and both of them from changing its status. The defendants demurred to the petition, and Stalvey filed an answer to it. On the hearing the judge ordered that of the funds in the bank the sum of $150 be paid to the attorney for the plaintiff, and the balance be paid to her for the support of herself and her two children. Stalvey excepted.

*W. R. Hammond,* for plaintiff in error. *Lamar Hill,* contra.

LUMPKIN, J. (After stating the foregoing facts.)

Under the decisions in *Yeomans* v. *Yeomans,* 77 *Ga.* 174 (3 S. E. 354), *Stallings* v. *Stallings,* 127 *Ga.* 467 (56 S. E. 469), and *King* v. *King,* 128 *Ga.* 54 (57 S. E. 227), the judgment of the judge of the superior court, granting temporary alimony and directing a sum which had been deposited in bank by the husband to be paid over by the bank to the wife and her attorney, must be reversed. The petition filed by the wife contained no prayer for permanent alimony, nor did it appear that there was any separate suit for permanent alimony or divorce pending. The petition contained only prayers for temporary restraint against changing the status of the money in bank, that the entire amount be awarded to the wife as temporary alimony, and for process. An application for temporary alimony is only for an allowance ad interim, including counsel fees, if proper. It is interlocutory in its character, not final. It must have as a basis some proper action which will result in a final judgment and terminate the interim. A judge of the superior court can not, on a mere application for temporary alimony, without more, and with no foundation on which to base it, either by way of a suit for divorce or a suit for permanent alimony, grant the alimony prayed, and order funds of the husband in bank to be paid over by the bank to the wife or her attorney.

It was contended on behalf of the defendant in error that the point was not sufficiently raised before the presiding judge, or in this court, to authorize a reversal. In this view we can not concur. The husband filed a demurrer, one ground of which was because the plaintiff's petition failed to set forth any cause of action against this defendant, and another was because the plaintiff in her petition did not pray for any relief against the defendant, or for the recovery of any judgment against him. The demurrer appears to have been before the presiding judge as a ground of objection to the grant of the temporary alimony. In the bill of exceptions one assignment of error was because the court erred in awarding temporary alimony to the petitioner, there being no prayer in her petition or any in the amendment thereto for permanent alimony, and no prayer on which an award of temporary alimony could properly be based. Error in the judgment awarding alimony was also assigned on other grounds. The point of lack of a sufficient basis was more distinctly made than in *Yeomans* v. *Yeomans,* supra. In that case Chief Justice Bleckley said in the opinion (p. 126) : "There is no intimation of this objection in the husband's answer, and we doubt whether it was distinctly presented to the judge below, although it is substantially developed in the bill of exceptions. But as jurisdiction over the subject-matter is essential to the validity of an order made at chambers, and as to enforce the order may require the use of means that could not be employed without very grave consequences where jurisdiction is wanting, we feel constrained to sustain the exception."

In response to the contention of counsel for the plaintiff in error that the petition did not have sufficient legal foundation, counsel for defendant in error in his brief replied that there was in the record a petition for permanent alimony, filed on July 11, 1908, which had been sent to this court by the clerk of the superior court, as a part of the record, though not specified to be sent up in the bill of exceptions. Counsel differed as to whether this could be considered by the Supreme Court. If it is not considered, then the application for temporary alimony appears to have been filed without the basis of a suit for divorce or permanent alimony. If it is considered, then the record shows on its face that the application for temporary alimony was first begun, and an effort was made to furnish a foundation for it by filing a separate suit for per-

manent· alimony later. This would not save the application for temporary alimony.

As what has been said above necessitates a reversal, we need not consider at length other assignments of error, or deal with the sufficiency of the evidence to authorize the judgment. If a certified copy of the record of the trial and conviction of the defendant, in a court of South Carolina, of the crime of bigamy was not admitted in evidence as an adjudication of the fact that the defendant had been twice married, as the presiding judge certified, we do not clearly perceive how it was admissible "as illustrative of the defendant's attitude to the plaintiff, of his separation from her and of his treatment of her, in determining the question of alimony and the amount of it." If the presiding judge treated the proceeding as a general equitable petition, the proposed intervention by a person who claimed to have received a check from the defendant on the same day that the petition was filed and the restraining order granted, and by a bank other than that of deposit which also claimed to have cashed a check drawn by him on that day, do not make sufficient allegations to show that the judge erred in rejecting them. The only judgment entered by the court was one awarding alimony and counsel fees to the plaintiff, and directing the fund in bank to be paid over to her and her counsel. No formal order appears to have been passed upon the demurrers, though they were evidently considered as grounds of objection to the granting of temporary alimony. We will not, therefore, pass upon them formally as demurrers.

*Judgment reversed   All the Justices concur.*