## PITTS *v.* PITTS.

An application for temporary alimony must be based on a pending suit for divorce or for permanent alimony. In the present case the petition was one merely for temporary alimony, and did not give the judge jurisdiction at chambers, in the absence of a showing that there was a suit for divorce or for permanent alimony pending, to allow temporary alimony.

DECEMBER 17, 1915.

Temporary alimony. Before Judge Bartlett. Haralson superior court. April 21, 1915.

Mary Pitts, alleging herself to be the wife of Julius Pitts, brought against him a petition addressed to the judge (naming him) of the superior court of Haralson county, which, after setting forth the date of the marriage, alleges, that on a given date the husband abandoned the wife without cause, and has continued to reside apart from her, and has failed and refused to contribute towards her support, although he is amply able to support her in comfort; that they are living in a bona fide state of separation; the character and the value of the defendant's property; that there are no children, and petitioner has no source of income except

from her personal labor; and that the defendant will dispose of his property unless restrained from so doing by an injunctive order of the court. She prays that "your honor require said Julius C. Pitts to pay over to her, to be used for her support, such sums of money, and at such times as may be deemed proper to your honor; and that such other proceedings may be had as are provided by law." She further prayed for attorney's fees, for process, and for an injunction restraining the defendant from disposing of his property. The petition was demurred to generally and specially. At the hearing at chambers the judge granted temporary alimony and counsel fees. This order was excepted to upon various grounds, among them, upon the ground "that the judge of the court thereof was without jurisdiction to render said judgment or render said order on said application for temporary alimony, there being no proper legal basis therefor."

*H. J. McBride,* for plaintiff in error. *M. J. Head,* contra.

BECK, J. (After stating the foregoing facts.) We are of the opinion that the court erred in granting the order and judgment excepted to in this case. There is no allegation in the petition that there was pending a suit for divorce, or a suit for permanent alimony; and in the absence of a showing that there was a suit, either for divorce or permanent alimony, the application for temporary alimony could not be maintained. In the case of *Stallings* v. *Stallings,* 127 *Ga.* 464 (56 S. E. 469, 9 L. R. A. (N. S.) 593), it was said: "In order for a judge at chambers to have jurisdiction to hear an application for temporary alimony there must be pending a proceeding by bill or petition for permanent alimony, or for divorce;" the court citing the case of *Yoemans* v. *Yoemans,* 77 *Ga.* 124 (3 S. E. 354). See also Park's Ann. Code, §§ 2976, 2986, and citations thereunder. The defendant in error insists that the petition in this case should be treated as one brought to recover permanent alimony and temporary alimony also; and that it differs from the case of *Yoemans* v. *Yoemans,* supra, because in that case there was no prayer for process, while there is a prayer for process in the instant case. We do not think that the fact that there is a prayer for process converts this petition into one which could be treated as a suit for permanent alimony. Except in this one particular (the fact that there is a prayer for process), the entire petition seems to be addressed to the judge,

and to seek interlocutory relief. It is addressed to the judge by name, and prays that the judge will allow to petitioner for her support such sums as may seem reasonable and proper to the judge. It was the only application before the judge when he exercised jurisdiction at chambers in fixing the amount allowed in the order for temporary alimony. No amendment was offered to show that a suit for divorce or for permanent alimony was pending, or that this was a suit intended as one for permanent alimony. Construing the petition most strongly against the petitioner, this should be treated merely as an application for temporary alimony, and the judge should not have entertained it in the absence of some showing that there was a basis for such an application in the fact that there was a suit for permanent alimony or for divorce then pending.          *Judgment reversed. All the Justices concur.*