### STODGHILL *v.* STODGHILL.

EVANS, P. J.   I.   Where a husband who was proceeded against by his wife for temporary alimony left the county of his residence on the day the order nisi was granted, but on the day before the petition was filed, leaving his crop and taking none of his personal effects with him, and during the next month was arrested in a distant county on a criminal warrant charging abandonment of his minor children, and was brought back to the county where his wife resided, and there served with the alimony proceedings, and where it does not appear that during the husband's absence he did any affirmative act expressive of an intention to change his residence to another county, the judge was authorized to find that he had not changed his residence, and was subject to the jurisdiction of the court wherein the alimony proceedings were instituted.

2. In resisting an application for alimony the husband is an incompetent witness to prove the wife's adultery. Civil Code (1910), § 5861; *Bishop* v. *Bishop*, 124 *Ga.* 293 (52 S. E. 743).·

3. The judge did not abuse his discretion in allowing alimony, nor was the amount excessive.   *Judgment affirmed. All the Justices concur.*

APRIL 13, 1916.

Temporary alimony. Before Judge Searcy. Butts superior court. December 3, 1915.

*W. E. Watkins,* for plaintiff in error.   *J. T. Moore,* contra.

---

### SOLOMON *v.* BALL.

FISH, C. J.   On preliminary hearing where the evidence was conflicting, the judge did not abuse his discretion in granting an interlocutory injunction.        *Judgment affirmed. All the Justices concur.*

APRIL 13, 1916.

Injunction. Before Judge Worrill. Early superior court. August 9, 1915.

*Rambo & Wright,* for plaintiff in error.   *R. H. Sheffield,* contra.