### COMBS *v.* COMBS.

ATKINSON, J. "An application for temporary alimony must be based on a pending suit for divorce or for permanent alimony. In the present case the petition was one merely for temporary alimony, and did not give the judge jurisdiction at chambers, in the absence of a showing that there was a suit for divorce or for permanent alimony pending, to allow temporary alimony." *Pitts* v. *Pitts*, 144 *Ga.* 423 (87 S. E. 391).

(*a*) The ruling just stated going to the jurisdiction of the court relating to the subject-matter, it was not too late to raise the question for the first time by excepting to the judgment.

(*b*) Applying the foregoing principles, it was erroneous to grant temporary alimony.    *Judgment reversed. All the Justices concur.*
NOVEMBER 16, 1916.

Temporary alimony. Before Judge Walker. Taliaferro superior court. January 12, 1916.

Mrs. J. B. Combs filed a suit against Alonzo Combs, in which she alleged, among other things, that they were married on June 5, 1915, and lived together until June 26, 1915, when he abandoned her; that since the separation he has failed and still refuses to contribute anything towards the support of petitioner and their child, born since the separation; and that no action for divorce is pending. The prayer was, "that the allegations therein be inquired into, and, if it should appear proper upon the hearing, that your honor require said Alonzo Combs to pay over to her or some suitable person, to be used in support of herself and the said child, such sums of money, and at such times as may seem meet to your honor; and that such other proceedings be had as are usual in such cases, and are prescribed by law." No demurrer or plea was filed by the defendant. Upon hearing evidence the judge passed an order requiring the defendant to pay a certain sum of money per month as temporary alimony. The defendant excepted to this judgment, and assigned it as error on the ground that the petition did not affirmatively show, nor did the evidence, that a suit for permanent alimony had been filed.

*J. A. Beazley,* for plaintiff in error. *J. A. Mitchell,* contra.