## ADAMS v. ADAMS.

GILBERT, J. Eugenia W. Adams brought an action against Luther W. Adams, for divorce, for temporary alimony for herself and minor children, and for counsel fees, and also prayed that on the final trial the children be awarded to her. A rule nisi was issued, requiring the husband to show cause at a subsequent date in vacation why the prayer for temporary alimony and counsel fees should not be allowed. At the hearing the defendant demurred to the petition, and by way of answer denied the material allegations. He also raised the issue that the petition had never been legally filed, and that therefore no suit for divorce was pending. The plaintiff abandoned having counsel fees and temporary alimony for herself then allowed. A judgment was rendered, allowing a stipulated sum for the support of the minor children until the further order of the court. The defendant excepted. In the bill of exceptions error is assigned also on the allowance of an amendment to the plaintiff's petition, striking all prayers for counsel fees; on the overruling of the demurrer; and because the judge held himself legally qualified to proceed in the case, over objection by reason of relationship of the judge to plaintiff's counsel, it being conceded that said relationship was that of brother-in-law. *Held*:

1. The relationship of brother-in-law existing between counsel for plaintiff and the presiding judge did not disqualify the judge, it not appearing that said counsel had any pecuniary interest in the judgment. The court did not err, therefore, in overruling the motion made by defendant's counsel that the judge recuse himself. *Roberts* v. *Roberts*, 115 *Ga.* 263 (41 S. E. 616, 90 Am. St. R. 108); 17 Am. & Eng. Enc. Law, 740.

2. Under the evidence the judge was authorized to find, for the purposes of the hearing then before him, that the petition had been filed in the office of the clerk of the superior court. The entry of filing is evidence, but not conclusive evidence as to the filing. *Jordan* v. *Bosworth*, 123 *Ga.* 879, 880 (51 S. E. 755); *Reeves* v. *Lancaster*, 147 *Ga.* 675, 676 (95 S. E. 246). Temporary alimony may be awarded to the minor children pending final adjudication of all the issues in the case, including the issue with reference to the filing of the petition. *Carnes* v. *Carnes*, 138 *Ga.* 1, 4 (74 S. E. 785); *Parker* v. *Parker*, 148 *Ga.* 196 (3), 197 (97 S. E. 211).

3. The judgment in which temporary alimony was awarded was rendered prior to the return term of the case, and did not include any ruling on the demurrers.

4. The allowance of the amendment striking the prayers for attorney's fees, and abandonment of temporary alimony for the plaintiff, was not injurious to the defendant, and affords no basis for setting aside the judgment awarding alimony for the support of the minor children.

5. The judgment awarding temporary alimony to the children pending

final determination of the case was not an abuse of discretion. *Waycaster* v. *Waycaster*, 150 *Ga.* 75 (102 S. E. 353), and authorities cited.

*Judgment affirmed. All the Justices concur.*

No. 2005. AUGUST 16, 1920.

Temporary alimony. Before Judge Hodges. Franklin superior court. February 16, 1920.

*W. R. Little* and *O. L. Little,* for plaintiff in error.

*McCurry & Zellars,* contra.