SPYGLASS *v.* SPYGLASS.

*Alimony—Jurisdiction of real estate not acquired in action for alimony only—Plaintiff failed by process to bring property within court's control.*

Where the plaintiff in an action for alimony alone brings suit in the county of her residence, the fact that the plaintiff has not by any process brought the property of defendant located in the same county within the control of the court prevents the court from taking jurisdiction of the same.

(Decided December 4, 1926.)

ERROR: Court of Appeals for Clark county.

*Mr. George W. Daniels* and *Mr. C. S. Olinger,* for plaintiff in error.
*Mr. A. C. Link,* for defendant in error.

KUNKLE, J. This is an action for alimony alone, which was brought by plaintiff in error, the wife, against her husband, defendant in error.

In brief, it appears from the amended petition that the cause of action arose in Clark county; that the parties were married at Springfield, Ohio, and have no children; that defendant in error is the owner of certain real estate situate in the city of Springfield, Ohio, which is specifically described in the amended petition; that plaintiff in error charges defendant in error with gross neglect of duty and willful absence for more than three years, and prays for alimony. She further prays that defendant's said real estate be set off to her, as and for her reasonable alimony, and also for such other relief as is just and equitable.

It appears that at the time of filing the petition, and also the amended petition, the plaintiff in error did not know where defendant in error was and could not with reasonable diligence ascertain his whereabouts; that she thereupon filed an affidavit for service by publication; and that publication of the pendency and prayer of the said amended petition was made.

Defendant in error filed a motion in which he appeared solely for the purposes of the motion, not intending thereby to enter his appearance, and moved the court to dismiss the action for the following reasons:

(1) That the service by publication made herein is defective in that the plaintiff failed to comply with Section 11293 of the General Code of Ohio.

(2) That in this action, purporting to be one *in rem,* the plaintiff has not by any process brought the property in the petition described within the control of the court, and the court is therefore unauthorized to render any judgment affecting said property.

The lower court overruled the first paragraph of the motion and sustained the second paragraph, to which ruling of the court plaintiff in error excepted, and prosecutes error.

Defendant in error, in substance, claims that plaintiff in error did not by injunction, attachment, or otherwise bring the property in the petition described within the control of the court, and that the court is therefore without jurisdiction to render any judgment affecting said real estate.

Plaintiff in error claims that under the facts set forth in the amended petition the court has jurisdiction over the real estate in question.

Without attempting to review in detail the various authorities and sections of the Code to which counsel have called our attention, both in oral argument and in the briefs, we think it sufficient to state that in our opinion this case is controlled by the opinion of our Supreme Court in the case of *Benner* v. *Benner*, 63 Ohio St., 220, 58 N. E., 569, and that the lower court acquired no jurisdiction over the real estate in question. This is not a proceeding for divorce and alimony, but is a proceeding, as above stated, for alimony alone, in which the court obtained no jurisdiction over the real estate by injunction or otherwise. As stated in *Benner* v. *Benner*, at page 227 (58 N. E., 571):

"Control of the property by the court before the rendition of the judgment is essential to the jurisdiction to render it; and if rendered without such jurisdiction, it cannot be made valid by the subsequent seizure of property of the defendant."

From the reasoning contained in this decision we are of opinion that the court was without jurisdiction to render a judgment affecting this real estate, and the judgment of the lower court will be affirmed.

*Judgment affirmed.*

ALLREAD and FERNEDING, JJ., concur.