### WILSON *v.* WILSON.

HINES, J. ■ Until there is a proceeding by petition setting forth fully the wife's case, the judge at chambers has no jurisdiction of the matter of granting alimony under section 2986 of the code. This statute contemplates a suit with process duly issued. *Yoemans* v. *Yoemans,* 77 *Ga.* 124 (3 S. E. 354); *Stallings* v. *Stallings,* 127 *Ga.* 464 (56 S. E. 469; 9 L. R. A. (N. S.) 593); *Pitts* v. *Pitts,* 144 *Ga.* 423 (87 S. E. 391); *Combs* v. *Combs,* 146 *Ga.* 112 (90 S. E. 862).

2. The petition in this case is addressed to the judge of the superior court by name. There is no prayer for process. Petitioner prays that the allegations therein be inquired into, and, if it should appear proper upon the hearing, that the judge require the husband to pay over to her, or to some other suitable person, to be used in the support of herself and of her child to be born, such sums of money at such times as may seem meet to the judge, that petitioner be awarded reasonable attorney's fees in this behalf, and that such other proceedings be had as are usual in such cases, and are prescribed by law. A similar prayer was embraced in the petition for alimony in *Pitts* v. *Pitts,* supra. In that case there was a prayer for process. In that case the court held: "Construing the petition most strongly against the petitioner, this should be treated merely as an application for temporary alimony, and the judge should not have entertained it in the absence of some showing that there was a basis for such an application in the fact that there was a suit for permanent alimony or for divorce then pending." In *Combs* v. *Combs,* supra, a petition with a similar prayer for alimony was held to be an application for temporary alimony, and not one for permanent alimony, or for both temporary and permanent alimony. Applying the rulings in these cases, the present petition must be treated as one for the grant of temporary alimony only.

3. The judgment of a court having no jurisdiction of the subject-matter is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it. Civil Code (1910), § 5694; *Hackenhull* v. *Westbrook,* 53 *Ga.* 285; *Baxter* v. *Bates,* 69 *Ga.* 587; *Johnson* v. *Stephens,* 69 *Ga.* 756; *Beach* v. *Atkinson,* 87 *Ga.* 288 (13 S. E. 591).

4. There is no intimation of the above lack of basis for the grant of temporary alimony in the husband's answer to wife's petition. It does not appear that this point was distinctly presented to the judge below. "But as jurisdiction over the subject-matter is essential to the validity of an order made at chambers, and as to enforce the order may require

the use of means that could not be employed without very grave consequences where jurisdiction is wanting," the judgment must be held void for lack of jurisdiction, and for this reason should be set aside when the attention of this court is called to the lack of jurisdiction over this subject-matter. *Yoemans* v. *Yoemans*, supra; *Stalvey* v. *Stalvey*, 132 *Ga.* 307, 309 (64 S. E. 91); *Combs* v. *Combs*, supra.

5. The court erred in granting to the applicant temporary alimony, for lack of jurisdiction of the subject-matter.

*Judgment reversed. All the Justices concur.*

No. 7397. April 15, 1930.

*W. S. Florence,* for plaintiff in error.