WILSON *v.* WILSON.

No. 7544. April 17, 1930.

*W. S. Florence,* for plaintiff in error.

Russell, C. J. By a petition addressed "To the Honorable James B. Park, Judge of the Superior Court of said [Jasper] County," Willie Pearson Wilson alleged that on December 13, 1928, she was lawfully married to Tom D. Wilson, and lived with him until "about two months ago," and was a kind and affectionate wife, giving her said husband no cause for complaint; that by specified cruel and inhuman treatment her husband forced her to leave the home of her husband's father, where they were living; that her husband furnished her nothing except food; that petitioner is now pregnant, and it is necessary for her to have certain articles in preparation for the birth of said child, and defendant fails to furnish such articles; that she has no estate, and is physically unable to provide for herself and child, while defendant is

strong and healthy and capable of earning two dollars per day. "Petitioner shows that there is no action for divorce pending. Wherefore petitioner brings this action and prays that the allegations therein contained be inquired into; and, if it should appear proper upon a hearing, that your honor require said Tom D. Wilson to pay over to her or some other suitable person, to be used in the support of herself and said child to be born, such sums of money and at such times as may seem meet to your honor; and that petitioner be allowed reasonable attorney's fees in this behalf; and that such other proceedings be had as are usual in such cases, and are prescribed by law." Attached to the petition is process in usual form, requiring the defendant to appear at the next term "to answer the plaintiff's complaint." When the case was called for trial the defendant "moved the court to dismiss said petition, because the same was a suit for temporary alimony, and on its face showed that said suit was not brought on a pending libel for divorce; that there was pending no suit for permanent alimony, and that the superior court of Jasper County, Georgia, had no jurisdiction to try said case." The bill of exceptions recites that the court overruled this motion, and "construed said suit and petition to be a suit for permanent alimony." Exception was taken to this ruling. The court erred in construing the proceeding to be a suit for permanent alimony, and in refusing to dismiss the petition. The decision in this case is controlled by the ruling in *Pitts* v. *Pitts,* 144 *Ga.* 423 (87 S. E. 391), construing a similar petition. It was there said: "Except in this one particular (the fact that there is a prayer for process), the entire petition seems to be addressed to the judge, and to seek interlocutory relief. It is addressed to the judge by name, and prays that the judge will allow to petitioner for her support such sums as may seem reasonable and proper to the judge. . . No amendment was offered to show that a suit for divorce or for permanent alimony was pending, or that this was a suit intended as one for permanent alimony. Construing the petition most strongly against the petitioner, this should be treated merely as an application for temporary alimony." In the case sub judice there was no prayer for process, though process was attached to the petition. "An application for temporary alimony must be based on a pending suit for divorce or for permanent alimony." *Pitts* v. *Pitts,* supra, and cit.; *Stalvey* v. *Stalvey,* 132 *Ga.*

307 (64 S. E. 91). The present proceeding being merely an application for temporary alimony, the superior court of Jasper County was without jurisdiction of the same; and the trial judge erred in overruling the motion to dismiss, and in permitting the action to proceed to trial before the jury. See *Wilson* v. *Wilson*, 170 *Ga.* 340. *Judgment reversed. All the Justices concur.*