## SELLERS *v.* SELLERS.

No. 8890.   June 16, 1932.

*R. L. Maynard,* for plaintiff in error.   *R. L. LeSueur,* contra.

Beck, P. J.   In January, 1931, Mrs. Sellers filed her petition against E. E. Sellers Jr., for divorce and temporary and permanent alimony, on substantially the same state of facts as is set forth in the petition in the present case. Pending this petition, the parties entered into a contract on January 27, 1931, providing for settlement of the claim for temporary and permanent alimony. At the May term, 1931, of the superior court the petition was dismissed

on motion of the plaintiff. On or about February 1, 1931, the parties renewed their marriage relation, and continued to live together until May 1, 1931, at which time they separated again. On June 3, 1931, the parties entered into a contract, signed by each, by the terms of which temporary and permanent provisions were made for the support of the wife and child, providing for monthly payments, based on a proportionate share of the earnings of the husband. On October 22, 1931, the petition in the present case was sworn to by Mrs. Sellers. It was presented to Judge Louis L. Brown on October 26, 1931, before it was filed in the clerk's office. There was no suit pending at the time between the parties, either for divorce or permanent alimony. Judge Brown took jurisdiction of the petition, and on said date granted an order nisi requiring E. E. Sellers Jr. to show cause before him at Macon, Ga., on November 12, why the prayers of the petition should not be granted and temporary alimony and expenses of this suit and counsel fees should not be granted as prayed. E. E. Sellers Jr., demurred to the hearing of the petition under this order, on the ground that at the time of the granting the order nisi there was no suit pending in the court either for divorce or permanent alimony, the petition so presented to the court and on which the order nisi was granted not having been filed in the office of the clerk of the superior court (and was not filed until the next day). The court overruled the demurrer, and ordered that the hearing proceed under said order nisi. To this order the husband excepted and assigned error. On the hearing the husband relied upon the contract between the parties, dated June 3, 1931, and his inability to make payments thereon because of the fact that he had no employment and had no money with which to make the payments; and denied liability for attorney's fees, because of payment of fees in the first suit; and denied liability for either alimony or attorney's fees, because the first suit was dismissed by the plaintiff, after the second separation, and because she had condoned the acts of cruelty alleged in the second suit. The court, after considering the case, allowed alimony and attorney's fees, and E. E. Sellers Jr. excepted.

■ The court did not err in overruling the ground of demurrer based upon the fact that at the time of the granting of the order nisi there was no suit pending in the court either for divorce or for permanent alimony. The petition was sanctioned and the order

nisi granted on October 26, 1931, and the petition and order nisi upon it were filed in the office of the clerk of the superior court on the next day. The sanction of the petition and the granting of the order nisi were in accordance with the practice in such cases which has been observed in this State for many years, and has been recognized by this court in several decisions as the proper practice. Under the statute of this State, the wife may be granted temporary alimony whenever there is pending a suit for divorce or for permanent alimony. She may, at any regular term of court in which said suit is pending, apply to the judge presiding, by petition, for an order granting to her temporary alimony pending the cause. Civil Code, § 2976. And in section 2980 it is provided that in suits for divorce the judge presiding may, either in term or vacation, grant alimony, or decree a sum sufficient for the support of the family of the husband dependent upon him, as well as for the wife's own support. There is nothing in this section that requires a ruling that the judge could not grant the order nisi referred to when the petition was presented to him and was duly filed on the following day. It is a well-settled law in this State that before temporary alimony can be allowed, there must be either a pending suit for divorce or a pending suit for alimony; and where there is neither, no allowance for temporary alimony can be made. But in the instant case, at the time the order was passed allowing temporary alimony and attorney's fees the suit for divorce and alimony had been duly filed; that is, when the judge heard the application for temporary alimony and counsel fees there was a pending suit for divorce and alimony, which had been filed in the office of the clerk of the superior court. In the case of *Edmondson* v. *Edmondson,* 128 *Ga.* 53 (57 S. E. 308), it was said: "A petition by a wife as next friend of her minor children, against her husband, praying for permanent alimony and for an injunction to restrain the husband from alienating his property, was presented to the judge in vacation. An order was passed directing that the petition be filed and process issued, and a restraining order was granted and the case set for a hearing at a named day in vacation. Subsequently, and before the day for the hearing arrived, the petition was filed and the defendant was served with a copy of the petition, the order, and process. *Held,* that the judge had jurisdiction in vacation, on the day named, to hear not only the application for injunction, but the ap-

plication for temporary alimony, notwithstanding such day arrived before the term of the court to which the case was returnable."

In *Hogan* v. *Hogan*, 148 *Ga.* 151 (95 S. E. 272), it was held that the process in that case was defective but not void, and was therefore amendable; that the appearance by defendant at the hearing had at chambers was in obedience to the rule nisi issued by the judge, and not by virtue of the process. That ruling was based upon facts substantially as follows, as stated in the first headnote in the case: "A petition for divorce, alimony, and counsel fees was addressed to the superior court of Irwin County. It was presented to the judge thereof, who, on February 7, 1918, issued a rule nisi requiring the defendant to show cause on February 23, 1918, at a designated place, why temporary alimony and counsel fees should not be allowed; and also ordered the petition filed and the defendant served. The petition was filed on February 9, 1918, and the clerk of the court attached a defective process, the same not being addressed to the sheriff of the said county and his lawful deputies, and erroneously requiring the defendant to appear 'at the next term of Irwin superior court to be held on the first Monday in April,' whereas the next regular term of that court was required by law to meet on the third Monday in April. The defendant appeared specially, at the chambers of the judge at the time appointed for the hearing in regard to temporary alimony and counsel fees, and moved to dismiss the proceedings, contending that the process was null and void because not directed to the sheriff or lawful deputy or other officer authorized by law to make service thereof, and because the process required his appearance on the first Monday in April instead of the third Monday in April. The plaintiff then and there offered an amendment correcting these defects in the process, directing the same to the sheriff of Irwin County and his lawful deputies, and changing the requirement as to attendance to the third Monday in April as provided by law." The court heard evidence, and then allowed temporary alimony and counsel fees; to which order the plaintiff in error in that case excepted. And then follows the ruling which we have set forth above. See also *Adams* v. *Adams*, 150 *Ga.* 346 (103 S. E. 812). In the argument of counsel for the plaintiff in error in this case is raised the contention that the petition must be filed so as to make a pending suit, and the suit must be pending when the application for alimony is made, citing

*Yoemans* v. *Yoemans,* 77 *Ga.* 124; *Lamar* v. *Lamar,* 123 *Ga.* 827 (51 S. E. 763, 107 Am. St. R. 169, 3 Ann. Cas. 294) ; *Stalvey* v. *Stalvey,* 132 *Ga.* 307 (64 S. E. 91) ; *Stallings* v. *Stallings,* 127 *Ga.* 467 (56 S. E. 469, 9 L. R. A. (N. S.) 593) ; *King* v. *King,* 128 *Ga.* 54 (57 S. E. 227) ; *Edmondson* v. *Edmondson,* supra; *Wilson* v. *Wilson,* 170 *Ga.* 340 (153 S. E. 9) ; *Pitts* v. *Pitts,* 144 *Ga.* 423 (87 S. E. 391) ; *Combs* v. *Combs,* 146 *Ga.* 112 (90 S. E. 862). But in none of those cases was it held, as plaintiff in error seems to contend, where a petition for divorce and for permanent and temporary alimony and for the writ of ne exeat is presented to the judge for sanction and he thereupon grants the order nisi calling upon the defendant to show cause why temporary alimony should not be allowed, or the writ of ne exeat issue, that an appropriate order thereupon granted by the judge is void, where it also appears that subsequently, but on a date preceding the time fixed for a hearing, the petition or suit for divorce and alimony, with the order thereon, is duly filed in the office of the clerk of the superior court; whereas, on the contrary, in the cases of *Edmondson, Hogan,* and *Adams,* supra, it was distinctly recognized that the practice and procedure here followed is correct. To what is said as to issuing the order nisi, calling upon the respondent to show cause why the writ of ne exeat should not be issued, the same reasoning applies.

■ Nor did the contention that the wife was barred or estopped from seeking temporary alimony by a contract which had been entered into between herself and her husband for an allowance for her support during a certain period, under the evidence in this case, prevent the court from allowing a reasonable sum for temporary alimony; because there was an issue of fact as to whether or not the husband had not, with the exception of a small payment under the contract, failed to carry out his agreement according to the terms of the written contract. We pretermit any discussion as to whether or not the wife, being a minor, will be bound by such a contract; but whether she was a minor or an adult, the existence of the contract into which her husband had entered with her did not prevent her seeking alimony, where the husband failed to keep the contract, leaving the wife without a support, if he was able to pay alimony; and that was a question for the court to pass upon under the evidence in this case. See *Apperson* v. *Apperson,* 169 *Ga.* 593 (150 S. E. 827), where it was ruled: "Where prior to or pending a libel

for divorce the parties between themselves by contract agreed upon specified sums to be paid to the wife at stated intervals by the husband, for the support and maintenance of the wife and their minor son, it was error for the court to make provision by way of temporary alimony for the support and maintenance of the wife and minor child, in the absence of an allegation in the wife's pleadings of the failure of the husband to pay the amounts of alimony provided for in said contract, or any proof of such failure, and in the absence of any allegation in the wife's amendment to her libel or other pleading that the contract for alimony provided that it was to be made the judgment of the court. *McLaren* v. *McLaren,* 33 *Ga. Supp.* 99. It would be otherwise if the wife's amendment to her libel, in which she sought temporary alimony, had alleged that the husband was in default in the payment of the sums which he agreed to pay the wife for the support of his wife and child, or if it had been alleged by the wife that the contract provided that it should be made the judgment of the court." See also *Pinckard* v. *Pinckard,* 22 *Ga.* 31 (68 Am. D. 481).

■ Under the evidence the court was authorized to allow the sum of $65 as attorney's fees, and the fact that this allowance of fees was to the attorney is no reason for setting it aside. This is part of the temporary alimony, the wife being entitled to counsel fees in order that she may defend or prosecute her rights. The court might have appropriately allowed this amount to the wife as a part of the alimony, but the fact that the judge makes it payable to the counsel for the wife as attorney's fees does not render it void. *Walden* v. *Walden,* 171 *Ga.* 444 (155 S. E. 919)..

■ The ruling stated in the fourth headnote requires no elaboration.

*Judgment affirmed.* *Russell, C. J., and Atkinson, Hill, and Gilbert, JJ., concur.*