COLLINS *v.* COLLINS.

RUSSELL, Chief Justice. 1. Where a petition for divorce, permanent alimony, and attorney's fees was presented to the judge of the superior court, and before the filing thereof an order was granted requiring the defendant to show cause why he should not pay temporary alimony and attorney's fees, and setting the application therefor to be heard on May 14, 1934, and on that date and after the filing of the petition the defendant pleaded that the order nisi was void because it was issued before the filing of the suit for divorce and permanent alimony, and the plaintiff thereupon filed a new application for temporary alimony and attorney's fees, based upon such pending divorce suit, and the judge issued a second rule nisi calling upon the defendant to show cause why the application should not be granted, the second application was not subject to abatement upon the ground that a prior suit for the same cause of action and between the same parties was pending at the time the same was filed. The second application was ancillary to the prior suit, and it was not error for the judge to overrule the plea in abatement. Civil Code (1910), §§ 2976-2980; *Stallings* v. *Stallings,* 127 *Ga.* 464 (56 S. E. 469, 9 L. R. A. (N. S.) 593) ; *Edmondson* v. *Edmondson,* 128 *Ga.* 53 (57 S. E. 308). This disposes of case No. 10420.

2. The judge having later granted temporary alimony upon the ancillary petition, and having subsequently attached the defendant as for a contempt for failure to pay such temporary alimony, the order adjudging the defendant in contempt was not invalid, as contended by the defendant, because of the alleged antecedent error in overruling the plea in abatement. This disposes of case No. 10473.

*Judgment affirmed in both cases. All the Justices concur.*

Nos. 10420, 10473. JANUARY 22, 1935.

REHEARING DENIED FEBRUARY 20, 1935.

*Davis & Friedin,* for plaintiff in error.