### 25412. WALKER v. WALKER.

MacINTYRE, J. 1. A contract may be entered into before divorce, by which the husband agrees to provide a stated amount for the support and maintenance of his wife, payable in installments. Where such a contract is made and the husband does not live up to his agreement, the same is no bar to a claim for alimony in a subsequent libel for divorce brought against him by his wife (*Apperson* v. *Apperson*, 169 *Ga.* 593, 150 S. E. 827; *Sellers* v. *Sellers*, 175 *Ga.* 47, 164 S. E. 769); and where in such an action the wife obtains a judgment for permanent alimony payable in certain installments, which judgment is obtained without personal service on the husband, and there is no general appearance by the husband in the case, such judgment is one in personam and not in rem (*Landis* v. *Sanner*, 146 *Ga.* 606, 91 S. E. 688; *Coulter* v. *Lumpkin*, 94 *Ga.* 225, 21 S. E. 461), and is void and can not be enforced against the husband, there being no question of waiver or estoppel. *Hood* v. *Hood*, 130 *Ga.* 610 (61 S. E. 471, 19 L. R. A. (N. S.) 193, 14 Ann. Cas. 359); *Fleming* v. *West*, 98 *Ga.* 778 (27 S. E. 157); *Stodghill* v. *Stodghill*, 145 *Ga.* 101 (88 S. E. 676); *Stallings* v. *Stallings*, 127 *Ga.* 464 (56 S. E. 469, 9 L. R. A. (N. S.) 593). It follows that where the wife subsequently brings suit in this State against the husband on the contract for certain past-due and unpaid installments, the fact that she has obtained such void alimony judgment in the State of Ohio, where such a judgment is invalid, as in this State (Durr *v.* Forsyth, 50 Ohio St. 726, 35 N. E. 1055; Benner *v.* Benner, 63 Ohio St. 220, 58 N. E. 569), is no defense to the husband's breach of the contract and no bar to an action on such contract by the wife.

(*a*) The decree involved in this case is not one *in rem* against particular property of the husband within the jurisdiction of the court. There was no proper pleading for that purpose, no appropriate prayer by the plaintiff, and no proper citation issued and published. See *Forrester* v. *Forrester*, 155 *Ga.* 722 (118 S. E. 373); *Hood* v. *Hood*, supra; Spyglass *v.* Spyglass, 26 Ohio App. 222 (159 N. E. 856); Wesner *v.* O'Brien, 56 Kan. 724 (44 Pac. 1090, 32 L. R. A. 289, 54 Am. St. R. 604); Reed *v.* Reed, 121 Ohio St. 188 (167 N. E. 684, 64 A. L. R. 1384).

(*b*) A void judgment is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties so to consider it. The plaintiff is not estopped under the facts of this case, because she is the person who instituted the suit in which the decree was rendered in her favor. See Code of 1933, § 110-709 (1910, § 5964); *Jowers* v. *Kirkpatrick*, 21 *Ga. App.* 751 (94 S. E. 1044); 21 C. J. 1067; *Hackenhull* v. *Westbrook*, 53 *Ga.* 285.

2. There being competent evidence before the judge that the husband was in sound mental condition at the time the contract sued on was signed by him, and that no fraud was practiced upon him, such contract was not void as a matter of law because signed by him when he did not know what he was doing, and because of fraud. The fact that he was in a highly nervous state and had taken veronal tablets in an attempt at suicide did not, in the opinion of the medical expert who attended

him, deprive him of his reason and render him of unsound mind and mentally incapable at the time of signing the contract sued on.

3. The judgment was not contrary to law for any reason assigned, and was amply authorized by the plaintiff's evidence. The judge did not err in rendering judgment against the defendant on the contract for the past-due and unpaid installments which he had agreed to pay to his wife for her support and maintenance, and did not err in overruling his motion for new trial. The appellate division of the municipal court of Atlanta did not err in affirming that judgment.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

Decided July 11, 1936.

*W. Neal Baird, Neely, Marshall & Greene,* for plaintiff in error.
*J. Kurt Holland, George B. Tidwell,* contra.