## PELOT *v.* PELOT.

No. 13986. JANUARY 14, 1942.

R. B. *Lambert,* for plaintiff in error.

*John R. Strother* and *J. Wightman Bowden,* contra.

GRICE, Justice. No suit for divorce was pending; and the exceptions to the rulings complained of are well taken unless the petition, as against a general demurrer, is to be construed as a proceeding for permanent alimony, since temporary alimony can not be granted unless there be pending either a suit for divorce or a proceeding for permanent alimony. *Stallings* v. *Stallings,* 127 *Ga.* 464, 467 (56 S. E. 469, 9 L. R. A. (N. S.) 593) ; *King* v. *King,* 128 *Ga.* 54 (57 S. E. 227) ; *Stalvey* v. *Stalvey,* 132 *Ga.* 307 (64

S. E. 91). Temporary alimony was granted, and the real question before us is as to the nature of the petition on which the judge acted. Neither the word "temporary" nor "permanent" appears therein, although the petition alleges that "she brings this suit for alimony and prays that she be awarded just such sum as will appear equitable and just upon the investigation of this her petition." It is addressed to the superior court of the county, contains averments necessary and proper in a proceeding for permanent alimony, prays for process, and calls on the husband to show cause why her prayers should not be granted, and why she should not be awarded alimony for her maintenance and support. Process was issued and served. Her suit was amended by adding after the prayer these words: "and a reasonable attorney's fee for the prosecuting of this suit." The plaintiff in error relies on the three cases next hereinafter referred to, but in our opinion they are not decisive of the issue arising under this record. In *Pitts* v. *Pitts,* 144 *Ga.* 423 (87 S. E. 391), there was not only no prayer for process, but the petition was addressed to the judge by name. She stated the necessity for an injunction to restrain the husband from disposing of his property, and prayed that "your honor require [him] to pay over to her, to be used for her support, such sums of money, and at such times as may be deemed proper; . . and that such other proceedings may be had as are provided by law." ˙ The petition was demurred to generally and specially. Here we deal only with a general demurrer. In *Combs* v. *Combs,* 146 *Ga.* 112 (90 S. E. 862), the allegations were similar to that in *Pitts* v. *Pitts,* supra, except that relating to the injunction feature,. the prayer being "that the allegations therein be inquired into, and, if it should appear upon the hearing, that your honor require said Alonzo Combs to pay over to her or some suitable person, to be used in support of herself and the said child, such sums of money, and at such times as may seem meet to your honor; and that such other proceedings be had as are usual in such cases, and are prescribed by law." In *Wilson* v. *Wilson,* 170 *Ga.* 341 (153 S. E. 10), the petition was addressed to the judge (naming him), and not to the court. The prayer was similar to that in *Combs.* v. *Combs,* supra. Though process was attached, none was prayed for. As in the other two cases, it is to be noted that the application was not to the court, but "that your honor-require," etc., "such sums of money and at such times as may seem meet to your honor," etc.

That the alimony here awarded was temporary alimony adds no strength to the argument that the alimony referred to in the suit meant temporary alimony only. Both the temporary award by the judge pending the action and the amount fixed by the jury on the final trial are alimony. Each is an allowance out of the husband's estate, made for the support of the wife when living separate from him. Code, § 30-201. This procedure was the appropriate one if the suit was one for permanent alimony, since the statute expressly provides that upon three days notice to the husband the judge may grant such order as he might grant were it based on a pending petition for divorce. A petition need not possess all of the excellencies of good pleading in order to withstand attack by general demurrer. If in substance it meets the requirements, that is sufficient. It may be that the pleader could have stated her purpose with more clearness, but she alleged all the facts necessary in a suit for permanent alimony; and a reasonable construction of the allegations and prayers leads to the conclusion that such was the intention of the pleader. It follows that the general demurrer was properly overruled, and that it was not erroneous to overrule the motion to vacate and set aside the judgment awarding temporary alimony and attorney's fees.

*Judgment affirmed. All the Justices concur, except Duckworth, J., who dissents.*