AMANDA BAZEMORE, plaintiff in error, *vs.* MILO S. FREEMAN *et al.*, executors, defendants in error.

1. The title of the *bona fide* purchaser of property obtained by duress, without notice, will be protected.

2. Where a wife, in April, 1872, brings ejectment for land, to which she had executed a deed in January, 1869, but claiming that it was obtained from her by the duress of her husband, it would seem that she would be estopped, by her acquiescence, from insisting on such duress as an avoidance of her deed as against a *bona fide* purchaser without notice.

Title. Deeds. Duress. Estoppel. Before Judge HILL. Bibb Superior Court. October Term, 1876.

Amanda Bazemore brought ejectment against Azel R. Freeman. Pending the litigation, the defendant died, and his executors, Milo S. Freeman *et al.*, were made parties in his stead.

The facts are reported in the decision.

J. RUTHERFORD, for plaintiff in error.

LANIER & ANDERSON, HILL & HARRIS, for defendants.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant to recover the possession of a tract of land described in the plaintiff's declaration. On the trial of the case, as it appears from the evidence in the record, it was admitted that the defendant claimed the land in dispute under a deed executed by Mrs. Bazemore, the plaintiff, and her husband, Marcus D. Bazemore. Mrs. Bazemore was in-

troduced as a witness in her own favor, and her counsel proposed to prove by her the following facts, to-wit:

" That Marcus D. Bazemore, her husband, practiced duress in reference to the deed, by threatening that if she did not sign the deed he had it in his power to make her miserable, and would do so; that she still persisted in not consenting, when he said he would take her children away to parts unknown, and she should never hear of them again; that under the influence of these threats by her self-willed and dissipated husband, who had slapped her face many times the night before when he was trying to get her consent, she did sign the deed, no one asking her if she was willing to the sale."

This testimony, so offered by the plaintiff, the court rejected as inadmissible, unless notice thereof was brought home to the vendee of the land. To this ruling of the court the plaintiff excepted, and that is the only alleged error complained of.

1. The 2633d section of the Code declares that " fraud or duress, by which the consent of a party has been obtained to a contract of sale, voids the sale." The 2640th section declares " that a title obtained by fraud, though voidable in the vendee, will be protected in a *bona fide* purchaser without notice." It is insisted by the plaintiff in error, that inasmuch as it is not declared by the Code that a title obtained by *duress* will be protected in a *bona fide* purchaser, therefore, it was error in the court in ruling out the testimony offered to prove that fact; that a deed obtained by duress stands upon the same footing as a deed made by one who is *non compos mentis*, and passes no title to the vendee, although he may be a *bona fide* purchaser. In the latter case, the person who is *non compos mentis* has not sufficient capacity to make a contract; whereas, in cases of fraud or duress (and our Code places both on the same footing) the person executing the deed had sufficient capacity to execute it, but that capacity was induced by fraud, or influenced by duress, to execute the deed, and therefore the title passed to the vendee,

who was no party to the fraud or duress, and who had no knowledge thereof at the time of his purchase of the property and obtaining his title thereto.   The title of a *bona fide* purchaser of property, obtained by fraud or duress, without notice thereof, would have been protected by the common law without the aid of the Code, and the 2640th section thereof, in relation to a title obtained by fraud, is only cumulative of the common law, and the fact that the word duress is omitted in that section, does not alter or repeal that principle of the common law which protects a title obtained by duress in a *bona fide* purchaser without notice.

2. Besides, it appears from the evidence in the record, that the deed in question was executed in January, 1869, by Mrs. Bazemore, and that she acquiesced in what had been done without complaint, until the commencement of this suit for the land in April, 1872.   It would seem, therefore, that she would be estopped from insisting on the plea of duress at this late day, as against a *bona fide* purchaser of the land without notice of the duress of which she now complains.

Let the judgment of the court below be affirmed.