## HUGHIE v. HAMMETT.

1. Where counsel for both sides assisted the judge in preparing questions to be answered by the jury in order that they might find a special verdict upon the facts of the case, and agreed that these questions only should be submitted to the jury, the court properly restricted them to a consideration of the issues thus presented.

2. Even if a charge as to duress was wanting in fullness or accuracy, the giving of it would not be cause for a new trial, when there was no evidence to prove the duress alleged.

3. It does not appear that the court erred in rejecting evidence presumably offered to show duress; the more especially is this true, since it was not proved that the party whose title was sought to be thereby invalidated had any notice or knowledge thereof.

4. There was no error in allowing an amendment to an answer specially designed to meet one of the plaintiff's contentions, and which was not only appropriate to this end but was also adapted to bringing about a just and lawful solution of the case.

5. The preceding notes cover all the questions of law properly presented for determination by the motion for a new trial, and the evidence warranted the verdict.

Argued May 21,—Decided July 19, 1898.

Equitable petition. Before Judge Candler. Clayton superior court. August 5, 1897.

*J. P. Chatfield, J. L. Doyal* and *J. L. Travis,* for plaintiff.
*W. M. Wright* and *Watterson & Kimsey,* for defendant.

LUMPKIN, P. J. This was an equitable petition brought by Mrs. Hughie against Hammett, to restrain him from evicting her as his tenant from a house and lot in the town of Jonesboro, and for the cancelation, as a cloud upon her title, of a certain mortgage and deed executed by herself, the latter of which purported to convey to Hammett the title to the property in dispute. Her contentions were, that this mortgage and deed were executed to secure a debt due to Hammett by her husband; that she had signed the deed under duress, and that the debt in question was infected with usury. On the other hand, the defendant contended that the mortgage was given to secure the aggregate amount of a number of loans of money, none of which were usurious, which he had made to Mrs. Hughie herself; that the deed was originally executed for the same purpose, but had been converted into a deed of bargain and sale by a contract between himself and Mrs. Hughie, whereby he purchased from her a

bond for title he had previously delivered to her, thus becoming the absolute owner of the premises. When the case came on for trial, counsel for both sides assisted the judge in preparing questions to be answered by the jury in order that they might return a special verdict upon the facts of the case, and agreed that these questions only should be submitted to the jury. They were as follows: "1. Was the debt in question the debt of Mrs. N. C. Hughie? 2. Was the interest charged usurious? 3. Was the deed in question made voluntarily by Mrs. Hughie?" The jury answered the first and third questions, "yes," and the second question, "no," and judgment was entered accordingly. Mrs. Hughie moved for a new trial, and complains that the court below erred in overruling her motion.

1. Exception is taken to the following charge: "The reason [Mrs. Hughie] alleges in her bill that [the deed] is void, first, that it was made in payment of a debt of her husband; and second, that there was usury in that debt, and for that reason the deed was void. Now that, of course, makes certain questions of fact for you. And these questions of fact are all that are to be submitted to you to pass upon." This charge is assigned as error, "because there were other issues of grave import made by the pleadings, and upon which much evidence was submitted." The record discloses that, in immediate connection with the above-quoted charge, the judge also submitted to the jury the question whether or not the deed from Mrs. Hughie to Hammett was made voluntarily. While, therefore, the judge inaccurately stated to the jury that the two questions referred to in the foregoing extract from his charge were the only ones to pass upon, it plainly appears that he did submit to the jury the remaining question as to whether or not Mrs. Hughie freely and voluntarily executed the deed under which Hammett claimed; and the verdict shows that the jury not only considered, but answered, this identical question. It will thus be seen that the three questions agreed upon by counsel for Mrs. Hughie as being all that were essential were actually submitted to and passed upon by the jury. Surely then there is no just foundation for the complaint that the judge omitted to submit additional questions.

2. The motion further alleges that the judge committed error in the submission of the third question to the jury, because the language he employed for this purpose did not sufficiently define and explain to them what constituted duress. That language was as follows: "Was the deed in question made voluntarily by Mrs. Hughie to Hammett? You will examine the evidence in this case and see what is the truth of it. Was she under constraint? Was she forced to make that deed? Was she compelled to make the deed? If so, under this evidence, then, of course, it would be your duty to answer that question, 'yes'; if not, to answer it, 'no.'" This charge may be open to the criticism made upon it, but the giving of it can not be treated as cause for a new trial, because a careful examination of the record discloses that the duress alleged was not proved. It does appear that Mrs. Hughie signed the deed reluctantly and under protest, but there was no testimony which would have warranted the jury in finding that threats of bodily or other harm, "or other means amounting to or tending to coerce" her will, and actually inducing her to sign, contrary to her wishes, were employed. See Civil Code, § 3536.

3. The court rejected certain evidence presumably offered to show duress, but we would not be authorized to hold that any error was thus committed, because, at most, this evidence would only have tended to show that the husband of Mrs. Hughie "cursed and abused her for refusing to sign papers in this matter, and threatened to take her children and leave her if she did not." The record discloses that Mrs. Hughie had signed quite a number of papers "in this matter," and it does not, therefore, appear with certainty that the rejected evidence related to the deed under which Hammett claimed. Moreover, there was no evidence whatever to show that he had any notice, or reason to apprehend, that Hughie had in any manner coerced his wife into executing this instrument. Clearly, then, the rejection of the evidence could not, in any view of the matter, have been, in a legal sense, injurious to Mrs. Hughie. See *Bazemore* v. *Freeman*, 58 *Ga.* 276.

4. The court allowed Hammett to file an amendment to his answer, wherein he offered to reconvey the property to Mrs.

Hughie and permit a decree to be taken in her favor for the ·same, upon payment to him of what he had advanced.   We· see· ·no error in allowing this amendment.   It was designed to meet one of the plaintiff's contentions, viz., that her deed to Hammett was merely given as security for a debt; and if, as she insisted, ·the property was actually worth more than the total amount advanced to her by Hammett, exact justice in the case could have been done by allowing her to take back the property and pay the ·debt.

5. One of the grounds of the motion for a new trial alleges error in admitting testimony, but entirely fails to state what, if ·any, objection was urged to it when offered.

The foregoing discussion covers all the material questions of law properly made and presented for determination.   While the evidence was conflicting, the conclusions reached and expressed by the jury were fully warranted by that introduced in behalf of the defendant..   The record discloses no reason ·which ·would warrant this court in setting aside the verdict.

*Judgment affirmed.   All the Justices concurring.*