## MYERS *et al. v.* GRINER *et al.*

1. An order allowing a process to be amended "as in terms of the law" is a judgment authorizing any amendment necessary to perfect the process. Such an order passed at the appearance term is binding until reversed or set aside, and the amendment authorized thereunder may be made nunc pro tunc at the term following that at which the order was passed.
2. Attached to the original petition was the form of a process, but with no signature of the clerk thereto. To the copy of the petition which was served upon the defendant was attached a complete process duly signed. *Held,* that the defect in the process attached to the original petition was amendable, and might be cured by the clerk's attaching his signature thereto nunc pro tunc.

Submitted June 23,— Decided July 14, 1904.

Equitable petition. Before Judge Mitchell. Berrien superior court. October 14, 1903.

*Hendricks & Harrison*, for plaintiffs, cited Civil Code, § 5125; *Ga. R.* 29/339; 72/769; 78/792; 120/74, 104; 45/97; 106/853; 109/621; 115/959; 118/670.

COBB, J.    The bill of exceptions recites that at the appearance term a demurrer was filed, and that in the fifth ground of the demurrer it was averred "that there is no process attached to plaintiffs' petition."    The failure to attach process, or an irregularity in a process, is not such a defect as can be taken advantage of by demurrer.    When the defendant demurs without a protestation, he appears and pleads, and thereby waives all defects in the process, and even the absence of process itself.    *Southern Railway Co.* v. *Cook*, 106 *Ga.* 450 (3), and cit.    The judge would have been justified in refusing to consider this ground of the demurrer, or in striking the same from the files; but as he did consider it, and evidently treated it as being in the nature of a motion to dismiss, we will deal with the matter in the same way that it was dealt with in the court below.    During the appearance term Judge Hansell, who was then presiding, passed an order in the following words:    "It appearing to the court that no process was attached to the above-stated case, it is ordered that the process be amended, as in terms of the law."    The bill of exceptions recites, that at the trial term the defendants' counsel urged the ground of demurrer above referred to, and it appearing that there was a form of process attached to the original petition but that the same was never signed by the clerk, counsel offered to prove by the clerk that the failure to attach his signature to the process attached to the original petition was a mistake or misprision, and that a copy of the process served contained his signature as clerk, and, upon this evidence, to base a motion to amend the process attached to the original petition by allowing the clerk to sign the same nunc pro tunc.    Judge Mitchell, who was then presiding, rejected the evidence, refused to allow the clerk to sign the process, sustained the demurrer, and dismissed the plaintiffs' petition. To all these rulings the plaintiffs excepted.

The effect of the order passed by Judge Hansell was that the process was for some reason defective and that the defect was amendable, and the order distinctly provided that the process should be amended "as in terms of the law," that is, so as to make it a perfect process.    There was, therefore, a judgment in

this case that the plaintiff had a right to amend the process in any way that was necessary to make it valid and perfect.    This judgment was binding upon the parties during all the subsequent stages of the case, until it was reversed or set aside.    See *Georgia Northern R. Co.* v. *Hutchins*, 119 *Ga.* 504.    It was, therefore, error for Judge Mitchell, at a subsequent stage of the case, so long as Judge Hansell's order stood unreversed, to entertain any motion looking to a dismissal of the petition for want of process or for any defect in the process.    But aside from this view of the matter, we think the judge erred in rejecting the evidence offered, and in refusing to entertain the motion to allow the clerk to sign the process nunc pro tunc.    The form of process was attached to the original petition.    It lacked only the signature of the clerk. The evidence offered would have shown that a complete process, signature and all, was attached to the copy petition which had been served upon the defendants.    Process in a case consists of two parts,— the part attached to the original petition, and the part attached to the copy petition.    Each should be signed.    If the one which has been actually served was signed and was in other respects regular, while the process as a whole is incomplete if the portion attached to the original petition is not signed, still it is not void, for the reason that the defendant has been served with a complete process, regular in every way, conveying to him notice to appear at a given time and place to answer the plaintiff's demand.    If the process served upon the defendant is the one not signed, or if neither is signed, a different question would arise.                    *Judgment reversed.    All the Justices concur.*