12804.  SINGER SEWING MACHINE COMPANY *v.* ROSENBERG.

JENKINS, P. J.   1.   "Attached to the original petition was the form of a
process, but with no signature of the clerk thereto.  To the copy of the
petition which was served upon the defendant was attached a complete
process duly signed."   "The defect in the process attached to the
original petition was amendable, and might be cured by the clerk's
attaching his signature thereto nunc pro tunc."   *Myers* v. *Griner,* 120
*Ga.* 723 (2), 725 (48 S. E. 113).  In the instant case the sole question,
under the agreement of counsel, was whether the previous judgment
pleaded by the defendant and collaterally attacked by the plaintiff was
"a legal and binding judgment as it stood."   It is controlled by the case
cited above.  Even could the petition in the former case have been dismissed pending that proceeding, as was done in *Rowland* v. *Towns,* 120
*Ga.* 74 (47 S. E. 581), and even could the former judgment have been
set aside in a proper proceeding instituted for that purpose, the instant
attack upon that judgment is not such a motion or proceeding.  The
defect in the original process being curable by amendment, the former

judgment was not void on its face, but " as it stood " was legal and binding.

(a) The fact that the original and copy process, although made returnable to the September " B " term of the municipal court of Atlanta, beginning the third Monday in September, was directed by the court to be amended and made returnable to the October " A " term, beginning the first Monday in October, and that such process was not served on the defendant until October 1, or less than the required number of days before the October " A " term, did not render void the judgment subsequently taken against the defendant on October 26, during the following October " B " term, beginning the third Monday in October. " Service. effected too late for a particular term shall be good for the next succeeding term thereafter." Act creating municipal court of Atlanta, sec. 36 (Ga. L. 1913, p. 162) ; Civil Code (1910), § 5570. See also *Baker* v. *Thompson*, 75 *Ga.* 164, in which the facts relating to process and service were similar. The failure to serve the defendant with a copy of the court's order, making the original suit and process returnable to a later term, was a mere irregularity not affecting the validity of the judgment as it stood.

2. For the reasons stated, it was error to sustain the certiorari from the ruling of the municipal court sustaining the plea of res judicata, which set up the former judgment as a bar to plaintiff's recovery in the instant case.　　　*Judgment reversed. Stephens and Hill, JJ., concur.*

DECIDED APRIL 1, 1922. REHEARING DENIED MAY 6, 1922.

Certiorari; from Fulton superior court — Judge George L. Bell. June 10, 1921.

The vendor in a conditional sale of a sewing machine brought trover for it against the vendee, in the municipal court of Atlanta. The petition was filed August 26, 1920, and a form of original process was annexed, purporting to bear test in the name of the judge and requiring the defendant to appear on the third Monday in September following; but the original process was unsigned by the clerk or his deputy. On September 20, 1920, the judge passed an order providing that, as " process has never been served on the defendant in the above-stated case as required by law, to the term to which the suit and process was made returnable, to wit, third Monday in September, 1920, September ' B ' term . . , said suit and process be and the same is hereby amended and made returnable to the first Monday in October, 1920, October ' A ' term thereof," and that the defendant be served with " a copy of said suit and process, and also a copy of this order." On October 1, 1920, the marshal of the court entered his return, showing that on that date he served the defendant " personally with a copy of the within petition and process," and showing the

seizure of the property. It was admitted in open court, or shown without dispute, that "a copy process duly signed by the clerk of the court, dated August 26, 1920, returnable to the third Monday in September, 1920, had been in fact served upon the defendant, but that "no copy of the order extending the time for service and making the case returnable to a later term of court had ever been served upon her." The defendant neither pleaded nor made any appearance in this suit. On October 26, 1920, during the October "B" term of the court, beginning the third Monday in October, the plaintiff, electing to take a judgment for the property, obtained judgment therefor, but not for any amount as hire. On November 3, 1920, the defendant in the trover proceeding filed in the same court a suit against the vendor, to recover $34 on open account, on the theory that, as the vendor had rescinded the contract of conditional sale by retaking possession of the property, and as the judgment rendered against the defendant in the trover proceeding was illegal and void because of the defective original process and service, she was entitled to a refund of all cash payments made to the vendor on the contract of purchase. The defendant in the present suit, by its plea and answer or in open court, admitted its receipt from the plaintiff of the alleged payments and its possession of the property, but claimed a larger amount as set-off or recoupment for the use and hire of the property while in the plaintiff's possession and for deterioration in the value by such use. But as its main defense the defendant pleaded res judicata, because of the judgment in the trover suit. It was agreed by counsel in open court that this former proceeding "constituted res adjudicata to the present action, provided that the said former judgment was a legal and binding judgment as it stood." The trial judge having sustained this plea, the plaintiff sued out certiorari, upon the grounds that there was no res judicata, for the reason that the former judgment was void, and not merely voidable, and that, as the defendant had admitted its possession both of the property and of the money payments, the plaintiff was entitled to recover the latter. Error is assigned on the sustaining of the certiorari.

*H. C. Holbrook,* for plaintiff in error.

*Morris Macks, Samuel A. Massell,* contra.