## 16610. ROGERS *v.* JORDAN.

STEPHENS, J.   1. Where one of several defendants in a dormant judgment is dead, and where he has left no estate or his estate is insolvent, the judgment may be revived as to the surviving defendants only.   It would be a useless and futile act to obtain the appointment of an administrator upon the estate and revive the judgment as against the insolvent estate of the deceased defendant.   This ruling is not in conflict with the decision in the case of *Funderburk* v. *Smith,* 74 *Ga.* 515, that a dormant judgment could not be revived without making a nonresident defendant a party.   34 C. J. 677.   See, in this connection, *Austell* v. *Langston,* 133 *Ga.* 738 (66 S. E. 917) ; *Hall* v. *Woolley,* 59 *Ga.* 756.

2. Where the dead man had filed an affidavit of illegality to a levy made as against him alone, and where the pendency of such proceeding may have operated to delay the enforcement of the judgment as against him and keep the judgment from becoming dormant as against him, the pendency of such litigation, to which the other defendants were not parties, did not operate to prevent the dormancy of the judgment as against them.   *Mays* v. *Compton,* 13 *Ga.* 269; *Saffold* v. *Wade,* 56 *Ga.* 174 (2).

3. This being a scire facias to revive an alleged dormant judgment against all the defendants except one who had died and whose estate was alleged to be insolvent, the court did not err in overruling the demurrer to the petition, based upon the ground that it did not seek a• judgment as against all of the defendants.

4. Since, under the ruling in paragraph 2 above, it conclusively appears that the judgment as to the dead man had not become dormant, it is immaterial that his estate was not made a party to the present proceeding.   The judgment being in life as to him, it was not error to direct a verdict reviving the judgment as against the other two defendants.

5. Furthermore, since the evidence conclusively establishes the insolvency of the estate of the dead defendant, the court did not err in directing a verdict for the plaintiff.

*Judgment affirmed.   Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 25, 1926.

Revival of judgment; from Toombs superior court—Judge Hardeman.   May 25, 1925.

*C. L. Cowart,* for plaintiff in error.   *W. T. Burkhalter,* contra.

---

Judgments, 34 C. J. p. 657, n. 87 New; p. 678, n. 36 New.
Trial, 38 Cyc. p. 1574, n. 21.