DOLLAR *v.* GRIFFIN, executrix, *et al.*

*M. U. Mooty* and *R. W. Martin,* for plaintiff in error.

*L. L. Meadors* and *Henry Reeves,* contra.

HILL, J.   Miss Harriet J. Griffin, as executrix of the estate of C. H. Griffin, deceased, obtained a general judgment against B. C. Dollar on certain purchase-money notes, and also obtained a special judgment against fifty-eight acres of land, thirty-five acres of the land being held by B. C. Dollar under a bond for title from C. H. Griffin, and twenty-three acres was deeded by B. C. Dollar to C. H. Griffin as security for the purchase-price of the thirty-five acres. On October 6, 1927, the sheriff levied on the fifty-eight acres of land as the property of B. C. Dollar and in his possession.   Mrs. P. L. Dollar, the wife of the defendant, filed a statutory claim to the land.   The plaintiff in fi. fa. subsequently filed a petition for receiver to take charge of, rent, and preserve the land and the rents, issues, and profits pending the claim case.   The claimant filed an equitable amendment to her claim, alleging in substance that in 1913 she purchased the land levied on, together with other land, from C. H. Griffin, paid a part of the purchase-price, gave her notes for the balance, and received from Griffin a bond for title.   On January 3, 1919, C. H. Griffin, executed to her a deed to seventy-three acres of land, being a portion of the land described in her bond for title.   On January 22, 1920, she executed to her husband a deed to the seventy-three acres of land, the consideration being love and affection.   The bond for title to the land purchased from Griffin was transferred by Mrs. P. L. Dollar on April 30, 1920, to her husband, B. C. Dollar, the consideration being love and affection, and the transfer stating that the amount paid on the bond for title was paid by B. C. Dollar out of his own funds.   The claimant alleged that the deed and transfer of the bond for title to her husband were made under duress of threats made to her by her husband, that C. H. Griffin had knowledge of these threats and that the transfers were made under duress, and that such transfers were for that reason null and void; also that the transfers were made without an order of court.   She alleged, that, immediately after she had executed this deed and the transfer of the bond for title to B. C. Dollar, C. H. Griffin sold to B. C. Dollar thirty-five acres of land, which was a part of the original 173 acres sold to

Mrs. P. L. Dollar, and that B. C. Dollar placed as collateral security twenty-three acres of the land, being a part of the land conveyed by Mrs. P. L. Dollar to her husband. She prayed that the deed and transfer of the bond for title be declared null and void.

On the trial, after the introduction of evidence, the court directed a verdict for the plaintiff in fi. fa. The claimant made a motion for new trial, the special ground of which complains of the direction of the verdict, because, as movant contended, Griffin was a party to the scheme to have Mrs. Dollar make a deed to the 73 acres of land, and to transfer the bond for title to her husband, the transfers being made under duress; and because the duress under the circumstances was as much the act of Griffin as of Dollar. The motion was overruled, and the claimant excepted.

The claimant assumed the burden of proof, and failed to carry that burden. The claimant testified that she signed the deed to the 73 acres of land and the transfer of the bond for title to her husband under duress, but there is no evidence in the record, assuming that the deed was obtained by duress, to show that C. H. Griffin had notice that the deed was so obtained. In *Skinner* v. *Braswell,* 126 *Ga.* 761 (55 S. E. 914), this court held: "Where a husband, as agent, bargained for the sale of the property of his wife and she executed a deed thereto, a purchaser for value took a good title, although the money so obtained was used to pay the debts of her husband, provided the purchaser was not a creditor to be thus paid, and was not a party to any scheme or arrangement whereby the money paid for said property was to be used in any particular way. And the fact that the wife in signing the deed acted under the duress of the husband will not vitiate the contract, where it does not appear that the purchaser had any notice, or reason to apprehend, that the husband had coerced the wife into signing said deed. *Hughie* v. *Hammelt,* 105 *Ga.* 368 [31 S. E. 109]; *Rood* v. *Wright,* 124 *Ga.* 849 [53 S. E. 390]." Even if there was evidence that the title to this land was obtained from the wife to the husband by duress, the title to the land in controversy held by Griffin could not be invalidated on account of such duress, unless it is shown that C. H. Griffin had notice of it, and there is nothing in the record to show that he had such notice. *Johnson* v. *Leffler,* 122 *Ga.* 670 (3) (50 S. E. 488); *Garrell* v. *Thornton,* 157 *Ga.* 487 (3) (121 S. E. 820); *Dorsey* v. *Bryans,* 143 *Ga.* 186 (84 S. E. 467,

Ann. Cas. 1917A, 172); *Hughie* v. *Hammell*, supra; *Pendergrass* v. *N. Y. Ins. Co.*, 163 *Ga.* 671 (137 S. E. 36). The claimant is the wife of the defendant in fi. fa., and the record shows that the grantee in the deed, C. H. Griffin, is dead; and before the claimant can prevail, the evidence should be clear and unequivocal that the deed from the wife to the husband was obtained through duress, and that the grantee in the deed from the husband had notice of such duress at the time he obtained the deed. The evidence failing to show this, we are of the opinion that the court properly directed a verdict for the plaintiff against the claimant, finding the property subject.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*

HINES, J. I concur in the result reached in this case. I do not place my concurrence upon the grounds set out in the majority opinion. In this case the wife is seeking to set aside a transfer by her of a bond for title which she held to certain lands, the transfer having been made on April 30, 1920, the consideration being natural love and affection. She is likewise seeking to set aside a deed of gift to her husband, the same being dated January 22, 1920. I am of the opinion that the evidence was such as to make it a question of fact whether the duress alleged to have been used by the husband in getting this deed from his wife was known to the grantee; and for this reason I think the court erred in directing a verdict in favor of the defendant. The petition of the wife, brought for the purpose of setting aside these instruments, was filed on July 31, 1928.

There is no restriction upon the power of the wife to make gifts to her husband. When such gifts are made they are not ipso facto void, but may be rendered void at the option of the wife, if induced by undue influence or other improper appliances or persuasions. Such gifts will be scrutinized with great jealousy, and, upon the slightest evidence of persuasion or influence, will be declared void, at the instance of the wife or her legal representative, at any time within five years after the making thereof. If proceedings instituted by the wife for the purpose of having such gifts declared void upon the ground that they were obtained by duress, are not brought within this period, the wife will be barred from having them declared void. Civil Code (1910), § 4152; *Cain* v. *Ligon*, 71 *Ga.*

692 (51 Am. R. 281); *Sasser* v. *Sasser,* 73 *Ga.* 275, 282. The wife's proceeding to have these instruments set aside because obtained by duress came too late; and for this reason I concur in the result reached in this case. '