## THURMAN *v.* ROBERTS *et al.*

44

No. 15269.   NOVEMBER 16, 1945.

46

*Mitchell & Mitchell,* for plaintiff in error.

*William A. Fuller, Crenshaw, Hansell & Ware, J. C. Savage, J. C. Murphy, J. M. B. Bloodworth,* and *E. Harold Sheats,* contra.

CANDLER, Justice. (After stating the foregoing facts.) Generally, in order for a superior court to acquire jurisdiction, in a civil action, of a minor who is a resident of the State but of a county other than that in which the suit is brought, such minor must be timely served personally by a second original; and when the return of service is made to the proper court, and an order is taken appointing for the minor a guardian ad litem, and such guardian ad litem agrees to serve, all of which shall be shown

in the proceedings of the court, the minor shall be considered a party to said proceedings. Code, §§ 81-212, 81-215. In *Peck* v. *La Roche*, 86 *Ga.* 314 (12 S. E. 638), where the question involved was the validity of service of a process after the beginning of the term to which it was returnable, the court speaking through Chief Justice Bleckley said: "The first process, standing alone, was no authority to the sheriff to effect service after the return or appearance term of the case. Had he served it before that time, though less than ten days, the act of 1885 would have aided the service, and made it good, not for the appearance term named in the process, but for the next succeeding term, the act substituting the latter in place of the former as the appearance term. Acts 1884-5, p. 103. This act, however, changes the prior law only where the time of service is before the regular appearance term, but too late for that term." The act of 1885 (Ga. L. 1884-5, p. 103) is embodied in section 81-218 of the Code, which provides: "Whenever process is not served the length of time required by law before the appearance term, such service shall be good for the next succeeding term thereafter, which shall be the appearance term." It does not appear in this case that any order was taken to perfect service so as to make it good for the next term. Service of a second original of a petition and process made after the appearance term of the court is a nullity, in the absence of an order to perfect service. *Brown* v. *Tomberlin*, 137 *Ga.* 596 (73 S. E. 947). The record in the present case shows that the return of service on Mary Jean Thurman, a minor, dated May 3, 1937, was not marked filed in the office of the clerk of Fulton Superior Court until April, 1945. The reason suggested for the delay by counsel for the defendants in error being that "it was not attached to the original papers, and was misplaced and not located until April, 1945, when it was marked filed." The order of the trial court dated May 25, 1945, now under review, was made upon a petition of the receiver to amend orders of sale theretofore granted. Based alone on evidence consisting of the purported return of service, the court included in its decree the following: "It further appears to the court from the return of service in this case that a copy of the original petition in this case was duly served upon the said Mary Jean Thurman, and that return thereof was duly made on a second original in the manner and form provided by law,

and lawful service is hereby decreed to have been made upon the said Mary Jean Thurman." Under the authorities above cited, it was erroneous to include the quoted sentence in the decree, and there being a timely exception to this portion of the decree, it is directed that the said sentence be stricken therefrom; provided, however, that this direction shall not be construed as the granting of such substantial relief as would relieve the plaintiff in error of costs.

■ Between the time of the purported service on May 3, 1937, and the marking of the same of file in April, 1945, numerous things connected with the original petition had taken place. On June 29, 1937, the remaindermen under the will, including Mary Jean Thurman by Gordon Mitchell who alleged himself to be "guardian ad litem for said minor under appointment of the court in said case," filed their answer and cross petition seeking affirmative relief, not only against the petitioner, Mrs. L. G. Thurman, but also against W. S. Askew, another alleged life tenant, who was made a party defendant and the process as to him made returnable to the September term, 1937, of Fulton Superior Court, at the instance of the persons bringing the cross-action. Substantial relief was granted to the remaindermen, including Mary Jean Thurman, by a judgment and decree dated December 20, 1938, which included, among other things prayed for in the cross-action, a judgment for damages for waste for $4000 in favor of the remaindermen and making Mrs. L. G. Thurman's life estate subject thereto. On April 17, 1944, Mary Jean Thurman filed her petition in Fulton Superior Court against Mrs. L. G. Thurman and others, alleging that she was a minor fifteen years of age when the original equitable petition of Mrs. Thurman was brought in 1937, and that said minor had reached her majority on March 17, 1943. She sought cancellation of the decree of December 20, 1938, and an injunction against the receiver to prevent him from selling property of the estate, and among the grounds she asserted that she had never been served with the original suit, filed on April 13, 1937, or a copy of the same or the process thereof; and that, although a guardian ad litem had been appointed for her, she had never ratified any acts of said guardian or any of the actions. as a result of said suit. In a final judgment thereon dated June 30, 1944, the trial judge, who heard the case, by agreement of

counsel, without a jury on the general demurrer and on the main issue formed by the pleadings, denied the prayers of Mary Jean Thurman to set aside the decree rendered on December 20, 1938, and dismissed her petition. In so far as the record in the present case discloses, there was no exception to, or appeal of, the final judgment dated June 30, 1944; and, in the absence of exception or appeal therefrom, such judgment became the law of the case. *Griffin* v. *Beasley,* 173 *Ga.* 452 (160 S. E. 500) ; *Kelly* v. *Strouse,* 116 *Ga.* 872, 892 (43 S. E. 280).

■ The order of May 25, 1945, making parties of the heirs at law of a deceased remainderman, was appropriate and authorized under the reservation of the decree of December 20, 1938, providing: "The court expressly retains jurisdiction of this matter for the purpose of passing orders of sale of the property involved, orders providing for the safekeeping of the proceeds of sale pending the determination of all matters not now adjudicated, and any and all other necessary or appropriate orders."

*Judgment affirmed, with direction. All the Justices concur.*