## TOWNSEND *v.* TOWNSEND.

HAWKINS, Justice. The only assignment of error contained in the bill of exceptions is to the order of the trial court adjudging the plaintiff in error in contempt for failure to comply with a previous decree of the court entered by consent of the parties, requiring the payment of certain sums of alimony for the support of the wife and for attorney fees. It appears from the record that the original decree was entered on October 11, 1948, and was then consented to by the plaintiff in error; that it required that the payments to the wife and of the attorney fees as therein provided for begin on November 1, 1948; and that the plaintiff in error failed to make the first payment, although he did comply with that portion of the decree requiring certain payments for the support of the minor child of the parties. While the evidence was conflicting as to the physical and financial ability of the plaintiff in error to comply with the previous decree of the court, to which he had consented, it cannot be said that there was no evidence on which the trial court could base a finding that there had been no material change in either the physical or financial condition of the plaintiff in error between the date of the original decree and the date of the hearing on the rule for contempt. The evidence presented an issue of fact; there was evidence to support the finding of the trial court, and its judgment will not be controlled by this court. *Brown* v. *Brown*, 155 *Ga.* 722 (118 S. E. 196); *Andrews* v. *Andrews*, 169 *Ga.* 97 (149 S. E. 870); *Greenway* v. *Greenway*, 147 *Ga.* 503 (94 S. E. 885); *King* v. *King*, 170 *Ga.* 291 (152 S. E. 574).

*Judgment affirmed. All the Justices concur.*

No. 16514. FEBRUARY 16, 1949. REHEARING DENIED MARCH 16, 1949.

*H. Alonzo Woods,* for plaintiff.
*Rountree & Rountree,* for defendant.