## WHALEY *v.* WHALEY.

HAWKINS, Justice. On March 16, 1951, Shirley McGuffey Whaley filed in the Superior Court of Walker County her "motion to perfect service and application for rule nisi for failing to pay temporary alimony, etc.," wherein she alleged: that she had filed in that court on August 10, 1948, her suit for divorce, temporary and permanent alimony, attorney's fees, and custody of children, against Harold C. Whaley; that on presentation of that petition an order was issued by the court directing that a copy of the suit be served on the defendant, and that he show cause on August 16, 1948, why the prayers of the petition should not be granted. She alleged: that Thos. W. Bryan, Clerk of the Superior Court of Walker County, Georgia, had affixed a legal process to the original petition and to a true copy thereof for service on the defendant; that the clerk had signed the copy or counterpart process, which was served personally on the defendant by a named deputy sheriff on August 12, 1948, but through inadvertence and oversight the clerk had failed to sign the process completely filled out and attached to the petition, but that the process was complete in every respect except for the signature· of the clerk thereon; that the defendant did not appear and defend the suit, and on August 16, 1948, the court awarded to the plaintiff temporary alimony in a stated sum for support of the wife and two children; and that the defendant has never paid any of the alimony awarded. She further alleged: that on February 21, 1949, a final decree for divorce and alimony was awarded; that the defendant left the State in 1948, returning in 1950; that she sued out an attachment for contempt and writ of ne exeat on November 3, 1950; that a hearing was had, the defendant was found to be in contempt of court, and on November 20, 1950, was ordered to pay $1760 or be confined in the common jail; and that he refused to pay and was confined. It was further alleged that on February 27, 1951, Whaley sued out a writ of habeas corpus against the sheriff, alleging that the decree of divorce and alimony was null and void, as was also the order of November 20, 1950, finding him in contempt and confining him in jail, for the reason that T. W. Bryan, the clerk of said court had failed to sign the process on the original suit for divorce, and that he, Whaley, had never acknowledged or waived service and process in the original suit for divorce; that a hearing was had on the writ of habeas corpus on March 2, 1950, whereupon the court held that the "sheriff did not hold legal custody of" the petitioner, Whaley, under order of the court of November 20, 1950, but remanding Whaley to the custody of the sheriff under a bench warrant held by the sheriff based on an indictment against him. Mrs. Whaley alleged in her motion that, while the clerk did not sign the original process, he did sign the copy thereof served personally on the defendant, and she prayed, among other things: that this motion be served on the defendant Whaley; that Thomas W. Bryan, clerk of said court, be directed to now sign the process attached to the original petition nunc pro tunc, and insert the date therein of August 10, 1948; that the defendant be required to answer this motion and the original divorce suit by a designated time, and that the issues thus made be submitted to a jury in Walker Superior Court; that the

plaintiff be granted an absolute divorce from the defendant, and that on the final hearing the plaintiff be granted permanent alimony and attorneys' fees; that she be granted all other relief sought in her original petition; that the court issue a rule nisi on this motion or petition, requiring the defendant to show cause why he should not pay to the plaintiff $3855 delinquent alimony, which had accrued under the order of August 16, 1948; that, upon his failure to do so, he be confined in the common jail until he does comply therewith; that he show cause why the court should not issue a writ of ne exeat to secure the appearance of the defendant in Walker Superior Court to answer said action; and for such other relief as she might be entitled to in the premises. An order was issued directing that a copy of this petition or motion be served on the defendant, and that he show cause on April 2, 1951, why the prayers of the petition or motion should not be granted. A copy of the motion and order was served on the defendant on March 19, 1951.

To this motion the respondent (or defendant) filed his answer and demurrer, in each of which he attacked the previous orders, judgments and decree of the court, upon the ground that there had been no lawful process and service of the original petition upon which the motion was predicated, nor any waiver thereof, nor any appearance by him, and in which he alleged that no valid judgment for alimony or divorce had ever been rendered against him for these reasons. He further alleged in his response that the movant (or plaintiff) was bound by the judgment rendered in the habeas corpus proceeding instituted by him against the sheriff. He also demurred to the motion by paragraphs 5 and 6 of his demurrer, upon the ground that it was duplicitous, in that it sought to have the court uphold and sustain the orders and judgments rendered for alimony, and in effect disclaiming that a valid decree of divorce was rendered upon the petition, since she sought by her prayers to have the issues of divorce submitted to a jury, and that she be granted a divorce.

The movant demurred to the defendant's answer or response, upon the ground that "There is no fact or thing alleged in said response which in law or in equity amounts to a valid legal defense to said motion."

The trial court overruled the respondent's demurrer to the plaintiff's motion, sustained the plaintiff's demurrer to the respondent's answer, and after hearing evidence, which supported the material allegations of the plaintiff's motion—and upon which hearing the defendent testified "that he had not paid any alimony which had been awarded to his wife by the court under or by virtue of its order; that he hadn't paid any support which had been awarded his two children by virtue of the court's order; that he had not paid the alimony awarded his wife and children out of spite toward his wife; that he was trying to get even with his wife, and that was why he hadn't paid the alimony"— the court entered the following order and judgment: "The within matter coming on to be heard in open court, and evidence offered in support of said motion, it is ordered, considered and adjudged by the court: 1. That the clerk of the superior court sign the original process, and that said process be signed nunc pro tunc. 2. That said original decree of divorce entered in said cause on the 21st day of February

1949 be and the same is hereby confirmed, approved, and held and decreed to be a valid subsisting and legal decree of divorce. It being decided that no further hearing is necessary in said divorce proceedings. 3. It is further ordered that defendant pay plaintiff the sum of $3855 delinquent alimony, instanter and, upon his failure to do so, he be confined to the common jail of Walker County, and be kept there until he pays said sums, it being adjudged that defendant is in contempt of the orders of this court, for having failed to pay said alimony, and by payment of same he may purge himself of contempt. 4. Ordered further that defendant pay all costs of said cause." *Held*:

1. This not being a case wherein a divorce was granted, the motion to dismiss the bill of exceptions for failure to comply with the requirements of Code (Ann. Supp.) § 30-101, by filing a motion to modify or set aside the judgment complained of, is without merit.

2. While a judgment for temporary alimony must be based on a pending suit for divorce or for permanent alimony (*Stallings* v. *Stallings*, 127 *Ga.* 464, 56 S. E. 469; *Pitts* v. *Pitts*, 144 *Ga.* 423, 87 S. E. 391; *Combs* v. *Combs*, 146 *Ga.* 112, 90 S. E. 862), and while a petition stating a cause of action which has been filed, but to which there has been attached no process of any kind whatever, and where process has not been waived, does not constitute a valid pending suit (*Nicholas* v. *British America Assurance Co.*, 109 *Ga.* 621, 34 S. E. 1004; *Stinson* v. *Branan*, 166 *Ga.* 752, 144 S. E. 324)—where as in this case, a form of process regular in every respect is attached to the original petition, and lacks only the signature of the clerk, and a complete process, signature of the clerk and all, is attached to the copy of the petition which is served personally upon the defendant, the original petition is not void, and the trial court properly directed the clerk to sign the process on the original petition nunc pro tunc, and correctly held the original decree of divorce predicated upon such petition to be a valid subsisting and legal decree of divorce. *Myers* v. *Griner*, 120 *Ga.* 723 (48 S. E. 113); *Harris* v. *Taylor*, 148 *Ga.* 663 (98 S. E. 86); *Singer Sewing Machine Co.* v. *Rosenberg*, 28 *Ga. App.* 424 (111 S. E. 925). See also *Crown Laundry* v. *Burch*, 205 *Ga.* 211 (53 S. E. 2d, 116).

3. The movant in this case, not having been a party to the habeas corpus proceeding brought by the respondent against the sheriff to secure his release from custody under the previous order of the court adjudging him in contempt for failure to pay alimony, was not bound by the judgment rendered therein to the effect that the sheriff did not legally hold custody of the petitioner in that proceeding under the previous order of the court. *Mays* v. *Compton*, 13 *Ga.* 269 (2); *Russell* v. *Slaton*, 25 *Ga.* 193 (2); *Seaboard Air Line Ry.* v. *O'Quin*, 124 *Ga.* 357 (3) (52 S. E. 427); *Duncan* v. *State*, 149 *Ga.* 195, 200 (99 S. E. 612); *McDonald* v. *Wimpy*, 204 *Ga.* 617, 622 (2) (50 S. E. 2d, 347); Code, § 110-501.

4. The fact that the movant in her motion to perfect service prayed that the defendant be required to answer her original petition for divorce, that the issues thus made be submitted to a jury, and that she be granted a total divorce, did not render her petition or motion subject to the 5th and 6th paragraphs of the respondent's special demurrer upon the ground of duplicity. The motion alleged that a decree for divorce and alimony had been granted, and the fact that the movant

**326**

prayed for inconsistent relief, or for more relief than she was entitled to, did not render her motion subject to dismissal on the ground of duplicity. *Kupferman* v. *McGehee*, 63 *Ga.* 250, 260 (7); *Pierce* v. *Middle Georgia Land & Lumber Co.*, 131 *Ga.* 99 (2) (61 S. E. 1114); *Harris* v. *Neuman*, 179 *Ga.* 879, 883 (177 S. E. 698); *Gibbs* v. *H. T. Henning Co.*, 189 *Ga.* 675, 677 (7 S. E. 2d, 238); *Von Kamp* v. *Gary*, 204 *Ga.* 875, 881 (52 S. E. 2d, 591).

5. Under the foregoing rulings and the evidence in this case, the trial court did not err in overruling the respondent's demurrer to the plaintiff's motion, in sustaining the plaintiff's demurrer to the respondent's answer, and in thereafter adjudging the defendant in contempt of court for failure to comply with the previous judgment and decree of the court. *Townsend* v. *Townsend*, 205 *Ga.* 82 (52 S. E. 2d, 324).

*Judgment affirmed. All the Justices concur.*

No. 17538. SUBMITTED JULY 9, 1951—DECIDED SEPTEMBER 10, 1951.

*Jesse M. Sellers Jr., W. L. Abney,* and *Robert McClure,* for plaintiff in error.

*Gleason & Painter, C. A. Noone,* and *Harry F. Newton,* contra.