41145. SIMMONS et al. v. MULLIS AUTO SALES, INC.

JORDAN, Judge. Mullis Auto Sales, Inc. filed a petition against Edward Simmons and Nettie M. Simmons on May 4, 1964, to recover the balance due on a promissory note executed by the defendants in favor of the plaintiff. The suit was filed in the Civil Court of Bibb County and was docketed in that court and process issued on May 4, 1964, requiring the defendants to appear on the third Monday in June 1964, to answer plaintiff's complaint. The Sheriff of the Civil Court of Bibb County was unable to effect service on the defendants, and a return of non est inventus was entered on the original process on May 19, 1964. On June 18, 1964, during the June term an order was issued by the Judge of the Civil Court of Bibb County for service to be perfected to the July term and requiring the defendants to answer the complaint on or before the third Monday in July, 1964. Service was obtained on the defendants on June 23, 1964, by leaving a copy of the original petition and process at their residence; and on July 22, 1964, judgment for the plaintiff was entered by the court, the defendants having failed to appear and file any defensive pleadings to the action by the third Monday in July, 1964.

The defendants, on October 14, 1964, filed a motion to set aside the judgment of July 22, 1964, on the grounds that this judgment was void because it was based on a void process, this contention being predicated upon the fact that the process

served on the defendants was a copy of the original process requiring them to answer on the third Monday in June, 1964, that this copy-process along with a copy of the petition was served on them after the third Monday in June, 1964, and that no copy of the order perfecting service to the July term 1964 was served on the defendants.

The trial court after a hearing denied this motion and the defendants excepted. *Held:*

"Mere service of the original petition and process on a defendant, made after the appearance term of the court to which it is returnable, is a nullity, in the absence of an order to perfect service." *Brown v. Tomberlin,* 137 Ga. 596 (e) (73 SE 947); *Thurman v. Roberts,* 200 Ga. 43 (2) (36 SE2d 51). Where, however, an order to perfect service to a later term has been properly entered, as in this case, the failure to serve the defendant with a copy of the court's order making the original suit and process returnable to a later term, is a mere irregularity, and does not affect the validity of the judgment entered. *Singer Sewing Machine Co. v. Rosenberg,* 28 Ga. App. 424 (1a) (111 SE 925).

Service of the petition and original copy-process upon the defendants was sufficient to put them on notice of the pendency of the suit against them, and having elected to ignore the same and make no appearance, the defendants have no legal complaint against the judgment entered against them because of a mere irregularity in the process. *Ware v. Lamar,* 16 Ga. App. 560 (1) (85 SE 824). "No technical or formal objections shall invalidate any process; but if the same shall substantially conform to the requisites of this Code, and the defendant has had notice of the pendency of the cause, all other objections shall be disregarded: Provided, a legal cause of action as required by this Code is set forth." *Code* § 81-220. *Judgment affirmed. Felton, C. J., and Russell, J., concur.*

DECIDED FEBRUARY 24, 1965.

*Joseph H. Briley,* for plaintiff in error.

*Adams, O'Neal, Steele, Thornton & Hemingway, John D. Hemingway,* contra.